KARAVOLOS, Appellant,

v.

BROWN DERBY, INC., Appellee, et al.

[Cite as *Karavolos v. Brown Derby, Inc.* (1994), 99 Ohio App.3d 548.]

Court of Appeals of Ohio,
Eleventh District, Trumbull County.

No. 93–T–4921.

Decided Dec. 19, 1994.

*Richard L. Magill* and *C. Douglas Ames*, for appellant.

*Licata & Crosby, Elizabeth A. Crosby, Louis J. Licata* and *Terence K. O'Brien*, for appellee.

FORD, Presiding Judge.

The appellant, John Karavolos, appeals the entry of summary judgment in favor of appellee, Brown Derby, Inc., by the Trumbull County Court of Common Pleas.

On February 1, 1987, appellant, an assistant manager at one of appellee's restaurants, sustained an injury to his back in the course and scope of his employment. The Ohio Bureau of Workers' Compensation ("BWC") allowed appellant's claim for a contusion to his lower back and tailbone and a closed sacrum fracture. Appellant's claim was subsequently allowed for a fractured sacrum, herniated disc L5–S1 on the left, aggravation of a benign tumor on the right side of appellant's back, and a fractured coccyx.

On July 31, 1987, appellant slipped and fell at work and sustained further injury to his back. Appellee paid appellant's medical expenses and lost wages which arose from that claim.

On October 31, 1987, appellant allegedly sustained another injury to his back as a result of an altercation with an employee of appellee whom he was in the process of discharging. Appellee refused to pay on this claim.

A review of the appellant's deposition testimony reveals that sometime after appellant was informed of appellee's refusal to accept his claim based on this third incident, he became depressed. Soon thereafter, appellant attended a party, where he ingested some cocaine, and he subsequently developed an addiction to the drug.

On April 3, 1989, appellant filed a motion with the BWC, requesting an amendment of the claim to include severe depression, post-traumatic neurosis, and secondary drug abuse.

On October 24, 1989, the district hearing officer granted appellant's motion, recognizing the additional claims of dysthymia and cocaine delusional disorder. Appellee appealed this decision, but the order was affirmed by the Canton Regional Board of Review and two staff hearing officers. Appellee then appealed the decision to the Trumbull County Court of Common Pleas.

After discovery, appellee filed its motion for summary judgment, arguing that appellant's conditions of dysthymia and cocaine delusional disorder did not qualify for compensation under Ohio's workers' compensation statute. The trial court granted appellee's motion, and this appeal followed.

Appellant advances the following as error:

"1.  Ohio Revised Code Section 4123.54(B), as relied upon by the trial court, is inapplicable to the underlying facts in the case at bar and will not support a motion for summary judgment.

"2.  The trial court erred in granting defendant-appellee's motion for summary judgment for the reason that genuine issues of material fact remain to be litigated, whereby defendant-appellees were not entitled to judgment as a matter of law."

In his first assignment, appellant contends that the trial court erroneously concluded that R.C. 4123.54(B) was "a bar to [appellant's] recovery *as a matter of law.*" (Emphasis added.) Reviewing the applicable statutes, we do not share the view espoused by the trial court and hold that appellant is not, as a matter of law, precluded from presenting his claim.

R.C. 4123.54 provides:

"Every employee, who is injured or who contracts an occupational disease, * * * in the course of employment * * * provided the same were not:

"(A) Purposely self-inflicted; or

"(B) Caused by the employee being intoxicated or under the influence of a controlled substance not prescribed by a physician where the intoxication or being under the influence of the controlled substance not prescribed by a physician was the proximate cause of the injury, is entitled to receive, * * * the compensation for loss sustained on account of the injury, occupational disease or death * * *."

It is the view of this court that R.C. 4123.54(B) contemplates a situation where a claimant is injured on the job as a result of his voluntary intoxication and/or the use of a controlled substance not prescribed by a physician. It does not prevent an employee from presenting a claim for compensation for psychiatric injuries, including the conditions of dysthymia and cocaine delusional disorder, as

a result of the physical injury sustained at his place of employment. Indeed, psychiatric claims are permitted under R.C. 4123.01(C)(1), which provides:

" 'Injury' includes any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment. 'Injury' does not include:

"(1) Psychiatric conditions except where the conditions have arisen from an injury or occupational disease * * *."

■ This provision prohibits compensation for psychiatric conditions unless they are found to have "arisen from" a physical injury, *i.e.*, were proximately caused by a physical injury received in the course of employment. See, *e.g.*, *Bergquist v. Med. College of Ohio* (June 10, 1988), Lucas App. No. L–87–327, unreported, 1988 WL 60970; and *Dunn v. Mayfield* (1990), 66 Ohio App.3d 336, 584 N.E.2d 37.

■ In the context of workers' compensation matters:

"The definition of and principles governing torts apply, so one may consider that the proximate cause of an event is that which in a natural and continuous sequence, unbroken by any new, independent cause, produces the event and without which the event would not have occurred. *Oswald v. Connor* (1985), 16 Ohio St.3d 38, 42 [16 OBR 520, 523, 476 N.E.2d 658, 662]." *Harris v. E. Ohio Gas Co.* (June 30, 1994), Lake App. No. 93–L–030, unreported, at 7–8, 1994 WL 321140.

Because psychiatric conditions which arise from an initial compensable physical injury fall within the definition of "injury" pursuant to R.C. 4123.01(C)(1), we conclude that the exceptions provided for in R.C. 4123.54(A) and (B) do not, as a matter of law, preclude appellant's claims for dysthymia and cocaine delusional disorder under the factual predicate present in this case. Therefore, as long as the conditions of dysthymia and cocaine delusional disorder were medically shown to have been proximately caused by the back injury incurred while working for appellee, they would be compensable. Accordingly, the first assignment of error is well taken.

■ In his second assignment of error, appellant contends that summary judgment was improper, as genuine issues of material fact remain to be litigated concerning whether his psychiatric conditions were caused by his physical injuries. We find that the trial court did err, as there is sufficient evidential material in the record to create a question of fact on this issue.

The Supreme Court of Ohio has stated:

" 'Civ.R. 56(C) specifically provides that before summary judgment may be granted, it must be determined that: (1) No genuine issue as to any material fact

remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.' *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274. Moreover, ' * * * upon appeal from summary judgment, the reviewing court should look at the record in the light most favorable to the party opposing the motion.' *Campbell v. Hospitality Motor Inns, Inc.* (1986), 24 Ohio St.3d 54, 58, 24 OBR 135, 138, 493 N.E.2d 239, 242." *Osborne v. Lyles* (1992), 63 Ohio St.3d 326, 327, 587 N.E.2d 825, 827.

In relation to appellant's condition of cocaine delusional disorder, the materials attached to appellee's motion for summary judgment provide a clinical definition of "cocaine delusional disorder."[1] Nothing in appellant's motion contra disputes the validity of that definition.[2] This definition reveals that the disorder results following the use of cocaine.

Additionally, review of appellant's deposition reveals the following:

"A. Well, when I got depressed, disappointed, whatever, and I was in pain and I made a mistake and got involved with the cocaine thing, as a relief I guess.

"Q. What kind of a relief?

"A. Both from the mental state and the pain.

" * * *

"Q. Why did you do cocaine the second time?

"A. Well, it seemed to have relieved the pain.

"Q. What kind of pain?

"A. The depressed feeling. My back.

"Q. Okay. Those are two things it relieved, the depressed feeling?

"A. Yeah.

"Q. And it relieved your back pain?

---

1. Excerpts from the Diagnostic and Statistical Manual of Mental Disorders:
    "292.11 Cocaine Delusional Disorder
    "The essential feature of this disorder is an Organic Delusional Syndrome * * *, with rapidly developing persecutory delusions as the predominant clinical feature, *appearing shortly after use of cocaine.*" (Emphasis added.)

2. While the documentary evidence attached to appellee's motion for summary judgment appears to be improperly authenticated, appellant's failure to interpose a timely objection waives this issue for purposes of appeal. *Rodger v. McDonald's Restaurants of Ohio, Inc.* (1982), 8 Ohio App.3d 256, 257–258, 8 OBR 347, 349, 456 N.E.2d 1262, 1265, fn. 7.

"A.  Well, I'm not saying it took the pain away, but it made you feel better."

Appellee counters by arguing that appellant's deposition testimony indicates that the onset of his depression and voluntary consumption of cocaine was occasioned by his discovery that appellee was contesting his most recent claim for benefits.  However, we conclude that appellant's deposition indicates that he attributed the onset of his psychiatric conditions *both* to the physical injury which he allegedly sustained at work as well as his having received notice that appellee was contesting the claim.

Likewise, the second disorder claimed by appellant, dysthymia, allegedly arose from the physical injuries of the various back traumas sustained.  It is not clear from the materials attached to the motion for summary judgment and the motion in opposition whether the dysthymia in this instance is, or can be, a by-product of the cocaine usage, or, whether it exists because of, or has been substantially aggravated by, appellant's back injuries.  Further, there is a conflict of opinion as to whether dysthymia is even a proper diagnosis in this instance.

The record also includes medical reports filed in opposition to appellee's summary judgment motion that support appellant's position.  One such report indicates that appellant's underlying depression "seems to have been aggravated, precipitated or worsened by his back problems."  Another report referencing both claimed psychological conditions states that, "[i]t is my opinion that both psychiatric diagnoses are a direct result of [appellant's] back injury."  A third report states, "I believe that [appellant's] substance abuse was substantially caused by the emotional distress and altered attitudes resulting from his injury, and were [*sic*] one means that he had attempted in order to achieve relief."

In *Bowling v. Indus. Comm.* (1945), 145 Ohio St. 23, 30 O.O. 245, 60 N.E.2d 479, the Supreme Court of Ohio held:

"It is the duty of the trial court in a jury trial to submit to the jury the question of proximate causal relationship between the injury received and the result claimed, where the evidence is such that reasonable minds might reach different conclusions upon that question."  *Id.,* paragraph three of the syllabus.

The foregoing medical opinions clearly manifest the existence of a genuine issue of material fact, to wit:  whether appellant's dysthymia and cocaine delusional disorder were proximately caused by the physical injury which appellant allegedly sustained.  While appellant faces the unenviable task of establishing that his psychiatric conditions were proximately caused by his back injury, the factual issue of causal relationship is generally for the medical experts and the trier of fact.  *Ryan v. Connor* (1986), 28 Ohio St.3d 406, 410, 28 OBR 462, 465, 503 N.E.2d 1379, 1382; *Kennedy v. Toledo* (1991), 75 Ohio App.3d 12, 598 N.E.2d

839. Accordingly, the trial court erred in granting appellee's motion for summary judgment.

Appellant's second assignment of error is also well taken.

For the foregoing reasons, the judgment of the trial court is reversed, and the cause is remanded for proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

JOSEPH E. MAHONEY, J., concurs.

CHRISTLEY, J., concurs in part and dissents in part.

CHRISTLEY, Judge, concurring in part and dissenting in part.

I respectfully dissent in part to the opinion of the majority.

The clear intent of R.C. 4123.54(B) is to deny compensation in a situation where a claimant's injury was proximately caused by the claimant's having been intoxicated or under the influence of a nonprescribed controlled substance. Further, R.C. 4123.01(C)(1) prohibits compensation for psychiatric conditions unless they are found to have "arisen from" a physical injury, *i.e.*, were *proximately caused* by a physical injury received in the course of employment.

In the instant case, therefore, appellant had the burden of proving that his psychiatric conditions of dysthymia and cocaine delusional disorder were proximately caused by the physical injury that he had sustained at work.

I agree that psychiatric conditions which arise from an initial compensable physical injury fall within the definition of "injury" pursuant to R.C. 4123.01(C)(1); however, I, nevertheless, conclude that the exceptions provided for in R.C. 4123.54(A) and (B) apply to appellant's claim for cocaine delusional disorder.

The materials attached to appellee's motion for summary judgment provide a clinical definition of "cocaine delusional disorder." [3] This definition reveals that the disorder results only following the use of cocaine. It is uncontroverted that appellant's ingestion of cocaine was voluntary and that appellant knew that cocaine was an illegal substance.

---

3. Excerpts from the Diagnostic and Statistical Manual of Mental Disorders:
   "292.11 Cocaine Delusional Disorder
   "The essential feature of this disorder is an Organic Delusional Syndrome * * *, with rapidly developing persecutory delusions as the predominant clinical feature, *appearing shortly after use of cocaine.*" (Emphasis added.)

In relation to the requirement of proximate cause in the context of workers' compensation cases:

" * * * the definition and determination of 'proximate cause' in the field of torts, to the effect that the proximate cause of an event is that which, in a natural and continuous sequence, *unbroken by any new, independent cause,* produces that event, and without which that event would not have occurred, is applicable in workers' compensation cases." (Emphasis added.) 93 Ohio Jurisprudence 3d (1989) 268, Workers' Compensation, Section 111.

I would find that the trial court did not err in relying on R.C. 4123.54(B) in rendering summary judgment in favor of appellee as to appellant's claim for cocaine delusional disorder. Despite the paradox my opinion represents when viewed with my colleague's opposing opinion, I would find that reasonable minds could only conclude that appellant's psychiatric condition of cocaine delusional disorder was proximately caused by his knowing and voluntary ingestion of cocaine—a controlled (and illegal) substance not prescribed by a physician. I believe that to find otherwise is totally contrary to public policy and defeats the intended purpose of our workers' compensation system.

As to the second claimed disorder, dysthymia, I agree with the majority opinion that an issue of material fact is created, rendering this matter unsuitable for summary judgment.

Specifically, it is not clear from the materials attached to the motion for summary judgment and the motion in opposition whether the dysthymia in this instance is, or can be, a by-product of the cocaine usage, or, whether it exists because of, or has been substantially aggravated by, appellant's back injuries. Further, there is a conflict of opinion as to whether dysthymia is even a proper diagnosis in this instance.

Therefore, I would find appellant's first assignment of error to be well taken as it relates to the claim for dysthymia, but not well taken as it relates to cocaine delusional disorder.

In his second assignment of error in which appellant contends that summary judgment was improper, as genuine issues of material fact remain to be litigated concerning whether his psychiatric conditions were caused by his physical injuries, my opinion would reflect the above analysis, bifurcating the two disorders.

Thus, I would affirm in part and reverse and remand in part as to the second assignment.

Accordingly, I dissent in part and concur in part.