CONLEY–SLOWINSKI, Appellant,

v.

SUPERIOR SPINNING & STAMPING COMPANY; Conrad,
Admr., Bureau of Workers' Compensation, Appellee.

[Cite as *Conley-Slowinski v. Superior Spinning &
Stamping Co.* (1998), 128 Ohio App.3d 360.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–97–1456.

Decided June 19, 1998.

*William R. Menacher, Steven M. Spitler* and *Todd T. Miller,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Reeve W. Kelsey,* Assistant Attorney General, for appellee.

---

HANDWORK, Presiding Judge.

This accelerated appeal is from the November 25, 1997 judgment of the Lucas County Court of Common Pleas, which granted summary judgment to Superior Spinning & Stamping Company and appellee James Conrad, Administrator of the Ohio Bureau of Workers' Compensation, and dismissed the appeal of appellant, Peggy Conley–Slowinski. On appeal, appellant asserts the following sole assignment of error:

"The trial court erred in granting summary judgment for defendant/appellee, Administrator of the Ohio Bureau of Workers' Compensation, and in denying plaintiff/appellant's motion for summary judgment as a matter of law."

The following facts in this case are undisputed. Eugene L. Slowinski was injured while working for Superior Spinning & Stamping Company in 1977. His workers' compensation claim was initially allowed for injury to his right ring finger, amputation of that finger, and neuroma of his right palm. His additional claim of aggravation of pre-existing depression, resulting in dysthymic disorder, was allowed in 1988. Slowinski's psychiatrist attested that while Slowinski abused alcohol prior to his injury, his alcoholism was aggravated by his injury. Slowinski was killed in 1994 in a car/train accident. At the time of his accident, Slowinski's blood-alcohol level was thirty-four hundredths percent of weight per volume. His psychiatrist attested that in his opinion, Slowinski's "alcohol abuse secondary to his allowed injuries and depressive condition was a cause of his death."

Appellant, Slowinski's spouse, filed a claim for workers' compensation benefits, alleging that the death of her husband was caused by his alcohol abuse, which stemmed from the aggravation of his depression from his employment-related injury. The Industrial Commission denied appellant's claim. Appellant then sought an appeal to the Lucas County Court of Common Pleas pursuant to R.C. 4123.512. Both parties moved for summary judgment. The common pleas court granted summary judgment to defendants, finding that appellant's claim was barred by R.C. 4123.54(B). The trial court held that there was insufficient evidence presented to prove that the injury had led to the depression and the alcohol abuse despite the fact that the only medical evidence presented was that of Slowinski's psychiatrist, who attested that there were casual links between the injury, depression, alcoholism, and death.

■ On appeal, appellant asserts that the trial court erred by granting summary judgment to appellee instead of appellant. When reviewing a summary judgment ruling made by a court of common pleas from an appeal of a decision by the Industrial Commission, an appellate court applies the same standard used when reviewing any other summary judgment ruling. *Stivison v. Goodyear Tire & Rubber Co.* (May 6, 1996), Hocking App. No. 95CA13, unreported, 1996 WL 230037, and *Jennings v. Trimble* (Nov. 2, 1995), Jackson App. No. 94CA754, unreported, 1995 WL 650152. See, also, *Kokitka v. Ford Motor Co.* (1995), 73 Ohio St.3d 89, 94–96, 652 N.E.2d 671, 675–677 (which applies the summary judgment standard *de novo* ). The appellate court reviews summary judgment subject to Civ.R. 56(C) without deference to the trial court's determination. *Berdyck v. Shinde* (1993), 66 Ohio St.3d 573, 578, 613 N.E.2d 1014, 1020 and *Midwest Specialties, Inc. v. Firestone Co.* (1988), 42 Ohio App.3d 6, 8, 536 N.E.2d 411, 413–414.

■ Summary judgment is appropriate pursuant to Civ.R. 56(C) when the movant demonstrates that (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion, which is adverse to the opposing party when the evidence is construed most strongly in that party's favor. *Miller v. Bike Athletic Co.* (1998), 80 Ohio St.3d 607, 617, 687 N.E.2d 735, 743–744, and *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47–48.

We find that summary judgment was appropriate in this case as a matter of law.

R.C. 4123.54 provides as follows:

"Every employee, who is injured or who contracts an occupational disease, and the dependents of each employee who is killed, or dies as the result of an occupational disease contracted in the course of employment, wherever such injury has occurred or occupational disease has been contracted, provided the same were not:

"(A) Purposely self-inflicted; or

"(B) Caused by the employee being intoxicated or under the influence of a controlled substance not prescribed by a physician where the intoxication or being under the influence of the controlled substance not prescribed by a physician was the proximate cause of the injury, is entitled to receive, either directly from his self-insuring employer as provided in section 4123.35 of the Revised Code, or from the state insurance fund, the compensation for loss sustained on account of the injury, occupational disease or death, and the medical,

nurse, and hospital services and medicines, and the amount of funeral expenses in case of death, as are provided by this chapter."

■ Appellant relies upon *Karavolos v. Brown Derby, Inc.* (1994), 99 Ohio App.3d 548, 651 N.E.2d 435, to support her argument that these exceptions apply only to the original injury and not the secondary injuries. In *Karavolos*, the claimant became depressed when his employer sought to deny one of his claims. Because of his depression, he tried cocaine and became addicted to it. He later filed a claim for severe depression, post-traumatic neurosis, and secondary drug abuse. The employer argued that R.C. 4123.54(B) prohibited allowance of any claim for intoxication or drug abuse. The Ohio Supreme Court held that the secondary claim was not barred by R.C. 4123.54(B) if there was medical proof that the drug abuse was proximately caused by the work-related injury. Therefore, secondary injuries are covered if there is proof of proximate cause between the initial work-related injury and the later condition or injury.

■ Appellee argues that appellant is not entitled to benefits because the employee never filed a claim for alcoholism. This argument is without merit because a dependent's right to receive death benefits under workers' compensation law is an independent right created by statute. *Jones v. Multi–Color Corp.* (1995), 108 Ohio App.3d 388, 397, 670 N.E.2d 1051, 1057–1058. Therefore, the dependent's claim is not affected by the employee's failure to seek benefits. *State ex rel. Nicholson v. Copperweld Steel Co.* (1996), 77 Ohio St.3d 193, 195, 672 N.E.2d 657, 659–660.

■ Alternatively, appellee argues that *Karavolos* merely allows the injured worker to seek workers' compensation benefits to treat the secondary drug abuse problem. We agree. In *Karavolos*, the Ohio Supreme Court did allow benefits to be extended for medical conditions proximately linked to the original work-related injury. However, it did not permit the linking of injuries caused by the alcohol or drug abuse. Appellant correctly notes that the Ohio Supreme Court has adopted such a chain-of-causation approach with respect to R.C. 4123.54(A) to determine whether a suicide can be a covered injury. See *Borbely v. Prestole Everlock, Inc.* (1991), 57 Ohio St.3d 67, 565 N.E.2d 575, syllabus. However, it has not applied the chain-of-causation approach to an injury caused by alcohol or drug abuse. Therefore, we decline to expand R.C. 4123.54(B).

Accordingly, appellant's sole assignment of error is not well taken. The judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is hereby ordered to pay the costs incurred on appeal.

*Judgment affirmed.*

SHERCK and KNEPPER, JJ., concur.