DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas which granted summary judgment in favor of defendant-appellant The Buckeye Union Insurance Company ("Buckeye") in a declaratory judgment action filed by plaintiffs-appellants Kathryn Kyle, Steve Kyle and Janet Kyle. In granting Buckeye summary judgment, the lower court determined that the Kyles were not entitled to uninsured motorist coverage under either the homeowners or automobile coverages of their insurance policy with Buckeye. From that judgment, the Kyles raise the following assignments of error:
 {¶ 2} "1. The trial court erred to the prejudice of appellants Kathryn, Steve, and Janet Kyle when it granted judgment as a matter of law to defendant The Buckeye Union Insurance Company.
 {¶ 3} "2. The trial court erred to the prejudice of appellants Kathryn, Steve, and Janet Kyle when it denied their motion for partial summary judgment."
 {¶ 4} The following facts are undisputed. On June 11, 2000, Kathryn Kyle was injured in a car accident while she was a passenger in a car that was owned by her mother Janet Kyle and driven by her sister Andrea Kyle. The direct and proximate cause of the accident was the negligence of Andrea Kyle. At the time of the accident, Janet and Steve Kyle had in place a policy of insurance, policy number 160958211 ("the Buckeye policy"), issued by Buckeye that had an effective period of November 30, 1999 until November 30, 2000. That policy included homeowners and motor vehicle liability insurance. Under the motor vehicle protection, the policy included uninsured/underinsured ("UM/UIM") motorist coverage with limits of $100,000 per person, $300,000 per accident, the same limits that were provided for under the motor vehicle liability insurance coverage. The motor vehicle protection covered three automobiles and listed Andrea Kyle as the driver of a 1987 Honda Prelude, the car that was involved in the accident. The liability portion of the motor vehicle section of the policy, however, excluded from coverage any bodily injury to any named insured or resident family member of a named insured. Because Kathryn and Andrea Kyle were living with their parents at the time of the accident, Kathryn was not entitled to collect under the liability portion of the policy. That issue is not in dispute.
 {¶ 5} Rather, on June 13, 2001, appellants filed a complaint for declaratory judgment against Buckeye seeking to collect under the UM/UIM provisions of the policy. Appellants alleged that because the liability insurance coverage insuring Andrea Kyle at the time of the accident did not cover the injuries sustained by Kathryn, Andrea Kyle was an uninsured motorist with respect to the June 11, 2000 motor vehicle collision. As such, appellants asserted that they were entitled to UM/UIM benefits under the Buckeye policy and requested a declaratory judgment to that effect.
 {¶ 6} After filing an answer, Buckeye filed a motion for summary judgment in which it argued that appellants were precluded from UM/UIM coverage pursuant to the policy language itself and R.C. 3937.18(K). Appellants countered with their own motion for partial summary judgment in which they argued that they were entitled to UM/UIM coverage under both the homeowners and automobile coverages of the policy. With regard to their homeowners coverage, appellants asserted that because the policy included a residence employee exception to the motor vehicle exclusion, the policy qualified as an automobile liability policy subject to the requirement of former R.C. 3937.18 to offer UM/UIM coverage. Because the coverage provided by the homeowners policy provides bodily injury liability coverage in a single limit of $300,000, appellants argued that limit should apply to their claim. Appellants further asserted that because former R.C. 3937.18(K)(2), which was in effect when the Buckeye policy was issued to appellants, conflicts with former R.C. 3937.18(J)(1), R.C. 3937.18(K) is ambiguous and inapplicable[1].
 {¶ 7} On May 21, 2002, the lower court issued an opinion and judgment entry granting Buckeye's motion for summary judgment and denying appellants' motion for partial summary judgment. The court concluded that UM/UIM coverage did not exist under the homeowners portion of the policy for the reasons enunciated by this court in Ruiz v. Rygalski (March. 29, 2002), Lucas App. No. L-01-1363, and that UM/UIM coverage was not available under the automobile portion of the policy due to policy exclusions and statutory language, R.C. 3937.18(K)(2), in effect at the time of the issuance of the policy. It is from that judgment that appellants now appeal.
 {¶ 8} Because appellants' assignments of error are interrelated, they will be discussed together. Appellants challenge the trial court's grant of summary judgment to Buckeye and denial of their own summary judgment motion. In reviewing a trial court's ruling on a motion for summary judgment, this court examines the case de novo. Conley-Slowinskiv. Superior Spinning Stamping Co. (1998), 128 Ohio App.3d 360,363. To prevail on a motion for summary judgment, the movant must demonstrate that there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).
 {¶ 9} The first issue raised by the briefs concerns provisions in an earlier version of R.C. 3937.18 which were in effect when the Buckeye policy was entered into. Appellants argue that when the policy was entered into, R.C. 3937.18 contained paragraphs (J)(1) and (K)(2) which, when read together, made the statute ambiguous. Because the statute was ambiguous, appellants assert, the policy could not prevent coverage under the circumstances of this case.
 {¶ 10} It is well-established that "[f]or the purpose of determining the scope of coverage of [a UM/UIM] claim, the statutory law in effect at the time of entering into a contract for automobile liability insurance controls the rights and duties of the contracting parties." Ross v. Farmers Ins. Group of Cos. (1998), 82 Ohio St.3d 281, syllabus. The insurance policy at issue in this case was entered into on November 30, 1999. At that time, R.C. 3937.18 read under paragraph (K): "As used in this section `uninsured motor vehicle' and `underinsured motor vehicle' do not include any of the following motor vehicles: * * * (2) A motor vehicle owned by, furnished to, or available for the regular use of a named insured, a spouse, or a resident relative of a named insured[.]" Consistent with this definition, the Buckeye policy provided under the definitions section of the UM/UIM coverage that an "uninsured/underinsured motor vehicle does not include any vehicle or equipment: * * * g. Owned by or furnished or available for the regular use of you or any family member."
 {¶ 11} Appellants assert, however, that at the time the Buckeye policy was entered into, R.C. 3937.18 also included under paragraph (J) a list of exclusions that a UM/UIM policy could include. That paragraph reads in relevant part: "The coverages offered under division (A) of this section or selected in accordance with division (C) of this section may include terms and conditions that preclude coverage for bodily injury or death suffered by an insured under any of the following circumstances: (1) While the insured is operating or occupying a motor vehicle owned by, furnished to, or available for the regular use of a named insured, a spouse, or a resident relative of a named insured, if the motor vehicle is not specifically identified in the policy under which a claim is made * * *." Appellants argued before the lower court, as they argue herein, that paragraphs (J)(1) and (K)(2) of former R.C. 3937.18 conflict. Specifically, appellants assert that (J)(1) allows other-owned autos that are specifically identified in the policy to be considered uninsured or underinsured so as to allow for coverage but that under (K)(2) other-owned autos can never be uninsured or underinsured motor vehicles. We disagree with appellants' construction of the two provisions.
 {¶ 12} The purpose of uninsured motorist coverage is to protect persons, not vehicles, from losses which, due to the tortfeasor's lack of liability insurance, would go uncompensated. Martin v. Midwestern GroupIns. Co. (1994), 70 Ohio St.3d 478, paragraph one of the syllabus[2]. Thus, in determining the validity of an exclusion of uninsured motorist coverage, a court must determine whether the exclusion conforms with R.C. 3937.18. Id. at paragraph two of the syllabus. If the exclusion is in conflict with the statute's purpose, it is invalid and unenforceable. Id. at 480.
 {¶ 13} Paragraph (K)(2) is a definitional section that defines the terms "uninsured motor vehicle" and "underinsured motor vehicle" for purposes of R.C. 3937.18 and UM/UIM coverage. Pursuant to this definition, a vehicle that is owned by, furnished to or available for the regular use of a named insured, a spouse or a resident relative of a named insured, can never be an uninsured or underinsured motor vehicle. That is, under paragraph (K)(2), the insured's own vehicle can never be the uninsured or underinsured motor vehicle for purposes of UM/UIM coverage. Paragraph (J)(1), however, provides that UM/UIM coverage for an accident will be excluded if the insured is driving a car not listed in the policy. Reading paragraphs (J)(1) and (K)(2) together, we see no inherent conflict. Rather, (J)(1) is limited by (K)(2) so that (J)(1) only applies in the context of an accident in which the insured is driving a vehicle not covered by the policy and the tortfeasor is not the named insured, spouse or resident relative of the named insured. Contrary to appellants' assertion, (J)(1) does not provide UM/UIM coverage for accidents in other-owned autos that are specifically identified in the policy.
 {¶ 14} Accordingly, the Buckeye policy was consistent with the law as it existed when the policy was entered into and, as such, appellants were not entitled to UM/UIM benefits under the UM/UIM provisions of the policy.
 {¶ 15} Appellants further assert, however, that they were entitled to coverage under the homeowners provision of the Buckeye policy. Specifically, appellants argue that because the homeowners provision of the policy included a residence-employee exception to its general exclusion of liability coverage for motor vehicle accidents, the policy was a motor vehicle liability policy. As such, Buckeye was required to offer appellants UM/UIM coverage in amounts equal to the coverage for liability due to bodily injury. Because there is no evidence that Buckeye offered appellants UM/UIM coverage under the homeowners portion of the policy commensurate with the bodily injury liability limits, appellants contend that they were entitled to UM/UIM coverage of $300,000 under the homeowners portion of their policy.
 {¶ 16} We first note that the homeowners portion of the Buckeye policy is not an independent policy but, rather, part of a deluxe package of insurance that included homeowners, automobile and UM/UIM coverages. Assuming arguendo that the homeowners portion of the policy could stand alone, the Supreme Court of Ohio recently addressed this very issue inHillyer v. State Farm Fire Cas. Co., 97 Ohio St.3d 411,2002-Ohio-6662, wherein the court held that "a residence-employee clause in an insurance policy that provides coverage incidental to home ownership does not convert the policy into a motor vehicle policy subject to the mandates of former R.C. 3937.18." Id. at ¶ 13. Accordingly, Buckeye was not required to independently offer UM/UIM coverage, and appellants were not entitled to such coverage, under the homeowners portion of the policy.
 {¶ 17} We therefore conclude that given the undisputed facts of this case, appellants were not entitled to collect UM/UIM benefits under their policy of insurance with Buckeye and that the trial court did not err in granting Buckeye summary judgment or in denying appellants partial summary judgment. The two assignments of error are thus not well taken.
 {¶ 18} On consideration whereof, the court finds that substantial justice has been done the parties complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellants.
 JUDGMENT AFFIRMED.
Handwork, P.J., and Knepper, J., concur.
[1] Former paragraphs (J)(1) and (K)(2) were added to R.C. 3937.18
through H 261, effective September 3, 1997. Subsequently, however, S 267, effective September 21, 2000, removed paragraph (K)(2) from the statute.
[2] Martin was superseded by amendments to R.C. 3937.18(J) through H 261, effective September 3, 1997, but the basic premises from Martin
cited herein remain unchanged. See Roberts v. Wausau Business Ins. Co.,149 Ohio App.3d 612, 2002-Ohio-4734, ¶ 53.