DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from a judgment of the Huron Municipal Court which granted summary judgment to defendant-appellee, Mollie James, in an action to recover payment on a debt. From that judgment, plaintiff-appellant, Robert E. James, assigns the following as error:
 {¶ 2} "The trial court erred, and [sic] to the prejudice of appellant, in granting summary judgment to appellee."
 {¶ 3} On April 2, 2002, Robert E. James filed a complaint in the court below which alleged that on or about December 8, 2000, he loaned appellee the sum of $10,000 to retain legal counsel for her husband, Richard A. James, appellant's brother who then died on January 7, 2001. Appellant alleged that appellee promised to repay the loan as soon as she could transfer the money from other accounts. After filing an answer, appellee filed a motion for summary judgment which was supported by her own affidavit and two promissory notes, each for $5,000, that had been signed by her late husband on December 9 and 19, 2000. Both notes listed the only borrower as Richard A. James. In her affidavit, appellee denied the allegations of the complaint, that is, that she ever borrowed $10,000 from appellant on behalf of her husband or promised to repay such amount.
 {¶ 4} In his response, appellant attached his own affidavit in which he attested that on December 5, 2000, appellee contacted him and asked him to retain counsel to defend Richard A. James in a criminal action alleging sexual battery; that in reliance on appellee's promise to repay the money advanced, appellant advanced $10,000 to retain counsel for Richard; and that Richard signed two promissory notes, each for $5,000, evidencing the debt.
 {¶ 5} Appellee subsequently filed a reply to appellant's response, and supported it with a second affidavit. In that affidavit, appellee asserted that she never received any loan from appellant, did not retain legal counsel for Richard James, and never promised appellee that she would repay any loans which he may have made to her late husband. She further asserted that while appellant may have had a claim against her late husband's estate, he never presented a claim and the estate had been closed.
 {¶ 6} On August 14, 2002, the lower court granted appellee summary judgment without explanation. It is from that judgment that appellant now appeals.
 {¶ 7} An appellate court's standard for reviewing a trial court's grant of a summary judgment motion is well-established. SeeConley-Slowinski v. Superior Spinning Stamping Co. (1998),128 Ohio App.3d 360, 363; Civ.R. 56(C).
 {¶ 8} R.C. 1335.05, also known as the statute of frauds, provides in pertinent part that "No action shall be brought whereby to charge the defendant, upon a special promise, to answer for the debt, default, or miscarriage of another person * * * unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or some other person thereunto by him or her lawfully authorized." The debt which appellant seeks to recover is the $10,000 owed to him by his brother, as evidenced by the two promissory notes. Assuming as we must that appellee orally promised to repay the debt, appellant had no action against her as appellee's promise to pay the debt of her husband was not in writing.
 {¶ 9} Accordingly, there remains no genuine issue of material fact and the trial court did not err in concluding that appellee was entitled to judgment as a matter of law. The sole assignment of error is not well-taken.
 {¶ 10} On consideration whereof, the court finds that substantial justice has been done the party complaining and the judgment of the Huron Municipal Court is affirmed. Court costs of this appeal are assessed to appellant.
 JUDGMENT AFFIRMED.
Handwork, P.J., and Knepper, J., concur.