DECISION AND JUDGMENT ENTRY
{¶ 1} Plaintiff-appellant, Karen Galvan, appeals the September 6, 2006, and July 24, 2007 judgment entries of the Lucas County Court of Common Pleas which, respectively, granted summary judgment in favor of defendant-appellee, Triple Star Roofing Company ("Triple Star"), and following a defense jury verdict, dismissed *Page 2 
appellant's claims against defendant-appellee Seamless Siding and Windows of Ohio, Inc. ("Seamless"). For the reasons that follow, we affirm the trial court's judgment as to Seamless; however, because we find that issues of fact remain as to Triple Star, we reverse the court's summary judgment award.
 {¶ 2} The relevant facts of this case are as follows. In July 2002, Seamless and appellant contracted for Seamless to re-side appellant's residence and pole barn. In March 2004, appellant and Triple Star contracted for installation of a new roof at appellant's residence. On March 20, 2006, appellant commenced this action against appellees. In her complaint, appellant alleged that Seamless violated the Ohio Consumer Sales Practices Act ("OCSPA") by failing to complete the work in a professional manner and failing to repair problems that arose. As to Triple Star, appellant also alleged an OCSPA violation for failing to provide quality and professional workmanship. In her complaint, appellant stated that in a prior lawsuit, she dismissed her claims against the defendants without prejudice.
 {¶ 3} On May 25, 2006, Triple Star filed a motion for summary judgment arguing that on August 22, 2005, following the dismissal of appellant's claims in the prior lawsuit, the trial court heard evidence on its counterclaim against appellant. During the trial, appellant presented evidence of Triple Star's poor workmanship. The court awarded $1,100 to Triple Star but reduced the amount by $500 based on damages caused by poor workmanship. On September 6, 2006, the trial court granted Triple Star's motion. The court found that appellant's claim against Triple Star was barred by res judicata; *Page 3 
specifically, the court determined that appellant's claim could have been brought in the prior action and that, in any event, appellant was already awarded damages for her poor workmanship claim.
 {¶ 4} The case then proceeded against Seamless; a jury trial commenced on June 13, 2007. The jury returned a verdict in favor of Seamless. This appeal followed.
 {¶ 5} Appellant now presents three assignments of error for our consideration:
 {¶ 6} "Assignment of Error 1
 {¶ 7} "The trial court committed prejudicial error by denying appellant the right to have her entire videotape presented to the jury verifying the present sense impression of two (2) witnesses who corroborated appellant's claims against Seamless Siding Windows of Ohio, Inc.
 {¶ 8} "Assignment of Error 2
 {¶ 9} "The trial court committed prejudicial error by refusing to allow appellant's expert to testify at trial.
 {¶ 10} "Assignment of Error 3
 {¶ 11} "The trial court committed prejudicial error by granting summary judgment to Triple Star Roofing Company."
 {¶ 12} In appellant's first assignment of error she contends that the trial court erred by refusing to allow the audio portion of a videotape to be admitted at trial. We first note that the admission or exclusion of evidence rests in the sound discretion of the trial court. State v.Sage (1987), 31 Ohio St.3d 173, 180. In order to find an abuse of discretion we *Page 4 
must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 13} During the trial against Seamless, appellant attempted to introduce a videotape which was spliced together from over 30 hours of film taken by appellant. The tape consisted of, in part, employees of Triple Star making statements about the condition of the siding. Seamless objected to the admission of the audio portion of the tape on the basis of hearsay. Conversely, appellant argued that the statements were a present sense impression of the condition of the siding and, thus, the hearsay exception applied. The trial court allowed appellant to play the tape but excluded the audio; appellant's objection was noted on the record.
 {¶ 14} As set forth above, the trial court has broad discretion in the admission or exclusion of evidence. Since appellant did not order a complete transcript of the proceedings, this court is unable to determine what portions of the videotape were viewed by the jury and whether the videotape was admitted into evidence. Further, absent our ability to view the videotape and listen to the excluded audio portion, we are unable to determine whether appellant was prejudiced by the trial court's ruling. Accordingly, we are compelled to presume the regularity of the proceedings below. See Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199. Appellant's first assignment of error is not well-taken. *Page 5 
 {¶ 15} Appellant, in her second assignment of error argues that the trial court erred when it sustained Seamless' objection to her expert witness. Appellant states that she timely provided Seamless with her witness list and provided the exact name of the witness at issue on the first day of trial.
 {¶ 16} As stated in our discussion of appellant's first assignment of error, a trial court has broad discretion in the admission or exclusion of evidence. Precluding the witness from testifying at trial, the court concluded:
 {¶ 17} "I read the witness disclosure. I'm going to find that it is insufficient in specificity to put the defense on notice as to who the witnesses were and the nature of their testimony. I'm going to find that it was a late notice such that the defense would be biased, prejudiced and unable to adequately prepare given the nature of this case and the length that it's been pending."
 {¶ 18} Upon review, we find that the trial court did not abuse its discretion when it excluded the expert's testimony. Certainly, disclosure of the expert's name on the first day of trial would prejudicially hinder the ability of Seamless' counsel to properly conduct a cross-examination. Appellant's second assignment of error is not well-taken.
 {¶ 19} In appellant's third assignment of error, she contends that the trial court erroneously determined that her claim against Triple Star was barred by the doctrine of res judicata. Appellant argues that because she dismissed her claim against Triple Star, without prejudice, her claim was not adjudicated on the merits and res judicata does not apply. *Page 6 
 {¶ 20} We review the trial court's ruling on the summary judgment motion de novo. Conley-Slowinski v. Superior Spinning StampingCo. (1998), 128 Ohio App.3d 360, 363. A movant is entitled to summary judgment pursuant to Civ. R. 56(C) when its demonstrated "that there is no issue as to any material fact, that the moving party is entitled to judgment as a matter of law, and that reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party."Miller v. Bike Athletic Co., 80 Ohio St.3d 607, 617, 1998-Ohio-178.
 {¶ 21} We first note that we agree with appellant's general assertion that a Civ. R. 41 dismissal without prejudice is not an adjudication on the merits and, thus, the doctrine of res judicata is not implicated. However, in Grava v. Parkman Twp., 73 Ohio St.3d 379, 1995-Ohio-331, the Supreme Court of Ohio noted that the doctrine of res judicata encompasses both claim preclusion and issue preclusion (referred to as collateral estoppel.) The difference between the two is that res judicata requires an identity of the parties and causes of action whereas collateral estoppel may have a preclusive effect where the cause of action in a subsequent lawsuit is different. Wilson v. Britz Zemmelman (Jan. 10, 1992), 6th Dist. No. L-91-031. The relevant inquiry is whether no question of fact exists because the "factual issue ha[s] been litigated and determined * * *." Id.
 {¶ 22} In the present case, appellant's complaint alleged that Triple Star violated the OCSPA. The purpose of the OCSPA is to protect consumers from unfair, deceptive, and unconscionable acts and practices; thus, the law is to be liberally construed. *Page 7 Whitaker v. M.T. Automotive, Inc., 111 Ohio St.3d 177, 2006-Ohio-5481, ¶ 11, ¶ 13. Actual damages proven under the OSCPA are subject to trebling under R.C. 1345.09(B). Id. at ¶ 32.
 {¶ 23} In the present case, Triple Star's counterclaim in the prior action was for breach of the roofing contract. In a September 8, 2005 order, following a trial to the court, Triple Star was awarded $1,100 on its breach of contract counterclaim. This amount was reduced by $500 due to "any of Triple Star's poor quality workmanship that has caused damage to Plaintiff's home." Although the issue of Triple Star's poor workmanship has already been addressed and appellant has been compensated, the issue of whether Triple Star committed a deceptive or unfair practice has yet to be decided. Accordingly, because we find that an issue of fact remains regarding whether Triple Star violated the OCSPA, we find that the trial court erred when it granted Triple Star's motion for summary judgment. Appellant's third assignment of error is well-taken.
 {¶ 24} On consideration whereof, we find that appellant was prejudiced or prevented from having a fair trial and the judgment of the Lucas County Court of Common Pleas is affirmed, in part, and reversed, in part. Appellee, Triple Star, is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
 JUDGMENT AFFIRMED, IN PART, AND REVERSED, IN PART. *Page 8 
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., Thomas J. Osowik, J., CONCUR. *Page 1