OPINION *Page 2 
{¶ 1} Defendant-Appellant William L. Bowersock ("Bowersock") appeals from the October 6, 2008 Judgment Entry of the Court of Common Pleas, Allen County, Ohio finding that Bowersock violated a Bath Township Zoning Resolution and Ordinance, enjoining him from keeping a nuisance on his property, and ordering removal of the current nuisance.
 {¶ 2} This matter stems from Bowersock's storage of inoperable "junk" vehicles on his property located in Bath Township, Ohio. The storage of these vehicles violated a Bath Township Resolution and Ordinance. Apparently, on October 2, 2007 the Bath Township Board of Trustees declared the storage of these vehicles to be a public nuisance. However, Bowersock refused to remove these junk vehicles from his property.
 {¶ 3} On January 3, 2008 Scott Campbell ("Campbell"), Zoning Inspector for Bath Township, Ohio filed a complaint in the Allen County Court of Common Pleas. In his complaint Campbell alleged that Bowersock was using his property, which was zoned as General Manufacturing, for the storage of junk vehicles. Campbell alleged that use of General Manufacturing property to store junk vehicles is a zoning violation and constituted a nuisance. Campbell then requested injunctive relief in the form of a permanent injunction barring the keeping of a *Page 3 
nuisance on the property and in the form of a preliminary injunction ordering the immediate removal of all junk vehicles currently on the property.
 {¶ 4} On February 6, 2008 Bowersock filed an answer and "cross-claim." On February 8, 2008 Campbell filed a reply to Bowersock's "cross-claim," requesting that it be dismissed for failure to state a claim on which relief can be granted. Campbell also asserted the defense of governmental immunity.
 {¶ 5} On February 14, 2008 Bowersock filed a motion to dismiss based on an attached affidavit. The affidavit was his own and alleged that he had removed the nuisance vehicles. On March 11, 2008, after finding that the motion to dismiss alleged evidence outside the record, the trial court converted the motion to dismiss to a motion for summary judgment and gave the parties thirty days to respond. On April 1, 2008 Campbell also filed for summary judgment.
 {¶ 6} On May 7, 2008, the trial court denied Bowersock's motion for summary judgment. The trial court also denied Campbell's motion for summary judgment on its own claim, but did grant summary judgment for Campbell on Bowersock's "cross-claim."
 {¶ 7} A bench trial was scheduled for the remaining claims on October 6, 2008. Bowersock failed to appear for trial. Accordingly, the trial court permanently enjoined Bowersock from violating Bath Township Zoning Resolution and Bath Township Ordinance No. 10-2-07-04; permanently enjoined *Page 4 
Bowersock from keeping the nuisance; ordered removal of the nuisance vehicles; and allowed the Township to remove the vehicles if Bowersock did not.
 {¶ 8} Bowersock now appeals, asserting four assignments of error.
 ASSIGNMENT OF ERROR I THE TRIAL COURT ERRED IN THAT COURT JUDGMENT ENTRY WHEN IT ORDERED, ADJUDGED, AND DECREED THAT PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT IS GRANTED AND THE COUNTER CLAIM BY DEFENDANT IS DISMISSED.
 ASSIGNMENT OF ERROR II THE TRIAL COURT ERRED WHEN IT CONVERTED DEFENDANT'S MOTION TO DISMISS TO A MOTION FOR SUMMARY JUDGMENT.
 ASSIGNMENT OF ERROR III THE TRIAL COURT ERRED WHEN IT REFERRED TO THE APPELLANT AS A PUBLIC NUISANCE.
 ASSIGNMENT OF ERROR IV THE TRIAL COURT ERRED IN ABUSE OF ITS DISCRETION IN ITS RULING PREJUDICED CONTRA TO APPELLANT WITH NATIVE AMERICAN ANCESTRY.
 {¶ 9} In his first assignment of error, Bowersock argues that the trial court erred in dismissing his "cross claim." As an initial matter, we note that Bowersock's cross claim does not actually state a basis for relief. However, we will construe his "cross-claim," as the trial court did, to allege harassment, and selective enforcement of the zoning laws by Campbell.
 {¶ 10} An appellate court reviews a grant of summary judgment independently, and without any deference to the trial court.Conley-Slowinski v. *Page 5 Superior Spinning Stamping Co. (1998), 128 Ohio App.3d 360, 363,714 N.E.2d 991. The standard of review for a grant of summary judgment is de novo. Hasenfratz v. Warnement 3rd Dist. No. 1-06-03, 2006-Ohio-2797
citing Lorain Nat'l. Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127,572 N.E.2d 198.
 {¶ 11} A grant of summary judgment will be affirmed only when the requirements of Civ. R. 56(C) are met. This requires the moving party to establish: (1) that there are no genuine issues of material fact, (2) that the moving party is entitled to judgment as a matter of law, and (3) that reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party, said party being entitled to have the evidence construed most strongly in his favor. Civ. R. 56(C); see Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679,653 N.E.2d 1196, 1995-Ohio-286, paragraph three of the syllabus. Additionally, Civ. R. 56(C) mandates that summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.
 {¶ 12} The party moving for summary judgment bears the initial burden of identifying the basis for its motion in order to allow the opposing party a "meaningful opportunity to respond." Mitseff v. Wheeler (1988), *Page 6 
38 Ohio St.3d 112, 116, 526 N.E.2d 798. The moving party also bears the burden of demonstrating the absence of a genuine issue of material fact as to an essential element of the case. Dresher v. Burt (1996),75 Ohio St.3d 280, 292, 662 N.E.2d 264, 1996-Ohio-107. Once the moving party demonstrates that he is entitled to summary judgment, the burden shifts to the non-moving party to produce evidence on any issue which that party bears the burden of production at trial. See Civ. R. 56(E).
 {¶ 13} In the present case, Bowersock alleged no actual harassment or selective enforcement of the zoning laws. Moreover, no evidence of harassment or selective enforcement of the zoning laws was introduced. Therefore, we find that there was no issue of material fact with respect to Bowersock's "cross claim," and summary judgment was proper. Accordingly, Bowersock's first assignment of error is overruled.
 {¶ 14} In his second assignment of error, Bowersock argues that the trial court erred in converting his motion to dismiss to a motion for summary judgment. However, Civil R. 12(B) provides that
 [w]hen a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56. Provided however, that the court shall consider only such matters outside the pleadings as are specifically enumerated in Rule 56. All parties shall be given *Page 7 reasonable opportunity to present all materials made pertinent to such a motion by Rule 56.
 {¶ 15} In the present case, Bowersock's motion appeared to argue that, because the vehicles had been moved, there was no claim. Therefore, we find that the trial court properly recognized Bowersock's motion as one for failure to state a claim. Moreover, the trial court properly recognized that Bowersock's motion contained evidence outside the pleading and properly converted Bowersock's motion to a motion for summary judgment pursuant to Civ. R. 12(B). Accordingly, Bowersock's second assignment of error is overruled.
 {¶ 16} In his third assignment of error, Bowersock argues that the trial court erred in referring to him as a public nuisance. However, as this Court is unable to find any instance in the record where the trial court refers to Bowersock as a public nuisance, Bowersock's third assignment of error is overruled.
 {¶ 17} In his fourth assignment of error, Bowersock appears to argue that the trial court discriminated against him because of his Native American heritage. Again, the record is devoid of any referral to Bowersock's Native American heritage and Bowersock does not cite to any specific instance of discrimination. It is not even clear from the record that the trial court was aware of Bowersock's Native American heritage. Accordingly, Bowersock's fourth assignment of error is overruled. *Page 8 
 {¶ 18} Based on the foregoing, the October 6, 2008 Judgment Entry of the Court of Common Pleas, Allen County, Ohio is affirmed.
Judgment Affirmed
 SHAW, J., PRESTON, P.J. and ROGERS, J., concur. *Page 1