OPINION
{¶ 1} Defendant-appellant, Zurich Insurance Company ("Zurich"), appeals the decision of the Court of Common Pleas, Allen County, Ohio, denying Zurich's motion for summary judgment and granting summary judgment in favor of appellee American Commerce Insurance Company ("ACIC"). The issues in this appeal relate to the scope of UM/UIM coverage available to Tracie Hasenfratz, the plaintiff below, under insurance policies issued by the companies. Although this appeal has been placed on the accelerated calendar, this court elects to issue a full opinion pursuant to Loc.R. 12(5).
 {¶ 2} Ms. Hasenfratz was involved in a motor vehicle accident while driving a truck owned by her employer, Brennan Industrial Trucking ("Brennan"), in which she sustained permanent injuries and damages. The alleged tortfeasor, Jeffrey Warnement, was not insured at the time of the accident, and therefore she sought coverage under UM/UIM policies issued by Zurich and ACIC. ACIC was her personal insurance carrier, and had issued a policy containing $100,000 per person limits on UM/UIM coverage. Zurich was the underwriter on two insurance policies issued to Brennan by Empire Fire and Marine Insurance ("Empire"), both of which contained UM/UIM benefits.[1] The first policy is a standard commercial automobile policy, Policy No. SE800552, that contained UM/UIM benefits of $12,500 per person. The second policy is an "umbrella" policy, Policy No. SU800552, issued to Brennan that contained an "Excess Uninsured/Underinsured Motorists Coverage Endorsement." The endorsement had a single limit for bodily injury and property damage of $1,000,000 per accident.
 {¶ 3} ACIC and Zurich, who were both named defendants in Hasenfratz's complaint, both filed motions for summary judgment. The issues in these motions pertained to the availability of UM/UIM coverage for Hasenfratz under the policies, and the priority of any available coverage. ACIC's motion sought a declaration that if it was found that ACIC was required to pay under the personal automobile policy issued to Hasenfratz the policy's coverage would be (1) excess to the UM/UIM coverage available on the commercial automobile policy issued by Empire, and (2) available on a pro-rata basis with the UM/UIM coverage available under the umbrella policy. Zurich conceded in its motion that coverage was available up to the $12,500 limit in the commercial auto policy issued by Empire. Zurich also conceded that the ACIC policy was in excess of the $12,500 UM/UIM coverage available under the commercial auto policy. However, Zurich argued that Hasenfratz was not entitled to coverage under the umbrella policy issued by Empire.
 {¶ 4} The trial court reviewed the motions, and determined that coverage was available to Hasenfratz under the umbrella policy. The court also determined that Zurich should be the primary insurer due to the fact that Hasenfratz was operating in the scope of her employment at the time of the accident. However, the ACIC policy and the umbrella policy both provided "excess" coverage. Consequently, the court ordered that those two policies were to be prorated. Zurich now appeals, asserting one assignment of error:
The trial court erred in granting the summary judgment motionof defendant American Commerce Insurance Company because there isno underinsured motorist coverage available to plaintiff-appelleeTracie Hasenfratz under the Brennan Industrial Truck Co.excess/umbrella policy for her personal injury claims arising outof the October 30, 2002 motor vehicle accident caused by theuninsured defendant, Jeffrey Warnement. 
 {¶ 5} In this assignment of error, Zurich argues that Hasenfratz is not covered under the umbrella policy issued to Brennan, and therefore the trial court erred in denying Zurich's motion for summary judgment. The standard of review for a grant of summary judgment is de novo. Lorain Natl. Bank v. SaratogaApts. (1989), 61 Ohio App.3d 127, 129, 572 N.E.2d 198. Thus, a grant of summary judgment will be affirmed only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). In addition, summary judgment is not proper unless reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party. Id.; see Zivish v. Mentor Soccer Club, Inc.
(1998), 82 Ohio St.3d 367, 369-70, 696 N.E.2d 201. Summary judgment should be granted with caution, with a court construing all evidence and deciding any doubt in favor of the nonmoving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 345, 360.
 {¶ 6} In the instant case, the only issue to be determined is whether Hasenfratz was covered under the umbrella insurance policy. This determination requires a review of the UM/UIM provisions in umbrella policy. "It is a long-standing principle of law that an insurance policy is a contract, and that the relationship between the insurer and the insured is purely contractual in nature." Nationwide Mut. Ins. Co. v. Marsh
(1984), 15 Ohio St.3d 107, 109, 472 N.E.2d 1061. "Where the provisions of a contract of insurance are reasonably susceptible of more than one interpretation, they will be construed strictly against the insurer and liberally in favor of the insured." Kingv. Nationwide Ins. Co. (1988), 35 Ohio St.3d 208, syllabus,519 N.E.2d 1380.
 {¶ 7} On the issue of whether coverage was available to Hasenfratz under the umbrella policy, we are bound by Supreme Court of Ohio precedent in the area of commercial insurance policies. In Scott-Ponzer v. Liberty Mutual Fire Ins. Co.,85 Ohio St.3d 660, 1999-Ohio-292, the Supreme Court held that an employee was covered under the UM/UIM provisions of his employer's insurance policy regardless of the fact that he was not operating within the scope of employment at the time of the automobile accident which caused his death. Id. at 664-65. In that case, the UM/UIM provisions in the employer's insurance policy defined "who is an insured" to include "You." Id. at 663. The policy also specified the corporation as the only "named insured" under the policy. Id. The Court construed this language as ambiguous, due to the fact that "a corporation, itself, cannot occupy an automobile, suffer bodily injury or death, or operate a motor vehicle." Id. 664. The Court then construed the language of the policy against the insurance carrier, because there was a reasonable interpretation that included employees as being insured under the policy.
 {¶ 8} The Court later limited the Scott-Ponzer decision inWestfield Ins. Co. v. Galatis, 100 Ohio St.3d 216,2003-Ohio-5849. In Galatis, the Court was confronted with another insurance policy containing the exact same language defining "who is an insured" under the UM/UIM provisions of the policy. Id. at ¶ 23-27. The Court reaffirmed the analysis used inScott-Ponzer, and found that when a corporation is the named insured under the policy an employee is covered under the UM/UIM provisions of that policy when they define the insured as "you." Id. at ¶ 31. The Court limited the holding in Scott-Ponzer,
however, to only apply when the employee is acting within the scope of his employment. Id.
 {¶ 9} In the instant case, the declarations in both the primary policy and the umbrella policy list "Brennan Industrial Truck Co.," Hasenfratz's employer, as the named insured. The endorsement providing for "excess" UM/UIM coverage then states:
Insurance provided for Uninsured/Underinsured MotoristsCoverage under your primary insurance policy is extended underthis policy to apply for the following:
 a. The "Insured" named in the Declarations;
 b. A partner of yours, but not for any "auto" owned by him orher or a member of his or her household;
 c. An officer if you are a corporation, but not for any "auto"owned by such officer or by a member of his or her household;
 d. The spouse of a, b, or c above, but not for any "auto"owned by such spouse or by a member of his or her household;
 c. [other specified individuals].
 {¶ 10} When the policy specifies that the UM/UIM provisions extends to the "named insured," and that named insured is a corporation, then employees are covered under the policy when acting in the scope of their employment. Galatis, at ¶ 31 (the employee qualifies for coverage "while operating a motor vehicleon behalf of the corporation").
 {¶ 11} Zurich argues that Galatis only applies to insurance policies that contain the "you" language included in the policy at issue in that case. It focuses on one sentence in theGalatis decision: "we follow Scott-Ponzer to the extent that it held that an employee in the scope of employment qualifies as `you' as used in CA 2133, and thus, is entitled to uninsured motorist coverage." Galatis, at ¶ 31. "CA 2133" is a standardized form used in many insurance policies, including the Galatis policy in that case. Zurich reads this sentence to mean that Galatis is only applicable to policies that contain the "you" language from CA 2133.
 {¶ 12} However, nothing in Galatis limits its applicability to cases involving that particular language. Rather, Galatis
mandates that a court determine whether an ambiguity exists in the contract language providing for who is covered under the policy. Galatis, at ¶ 35 ("an ambiguity in the preliminary question of whether a claimant is insured is construed in favor of the policyholder"). Thus, Galatis requires the trial court to do two things: (1) determine whether an ambiguity exists in provisions regarding coverage and (2) construe that ambiguity in favor of the policyholder.
 {¶ 13} Although the policy at issue in the instant case does not contain the "you" language found in the policies at issue inScott-Ponzer and Galatis, the same ambiguity remains. The policy names the company as the insured, and extends coverage specifically to the corporation. Yet as the Court found inScott-Ponzer, the company does not operate or occupy the vehicle or suffer bodily injury in an accident. "[N]aming the corporation as the insured is meaningless unless the coverage extends to some person or persons — including to the corporation's employees." Scott-Ponzer, at 664. Galatis makes clear that when the coverage provisions refer to the corporation coverage extends to employees acting in the scope of their employment. Galatis, at ¶ 31-33, 62.
 {¶ 14} Zurich's argument ignores specific language in theGalatis decision which illustrates the fact that the Court's holding was not limited to policies containing the "you" language. The Court states: "Absent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment." Galatis, at ¶ 62. The Court's decision makes clear that the ambiguity in the policies at issue in Scott-Ponzer and Galatis arose not because the "you" was undefined. Rather, ambiguity arose because "you" was specifically defined as the corporation. The same is true under Zurich's umbrella policy. We see no distinction between extending UM/UIM coverage to "you" and extending that coverage to the "named insured": both phrases extend coverage to a corporation.
 {¶ 15} Therefore, the language of the umbrella policy is ambiguous because it provides coverage specifically for the corporation. This ambiguity must be construed in favor of the policyholder. Id., at ¶ 35. Interpreting the policy to include coverage for employees "arguably benefits the policyholder [by insuring] against losses sustained by those operating vehicles on its behalf." Id. at ¶ 38. Therefore, like the "you" language contained in CA 2133, Galatis requires that the provisions of the umbrella policy be construed to apply to Brennan's employees.
 {¶ 16} We note that insurance companies are free to contract in a way that excludes certain individuals. Id., at ¶ 62 (noting that the rule applies "absent specific language [in the policy] to the contrary"). However, the UM/UIM provisions in the umbrella policy do not specifically exclude employees, nor do they specifically exclude Ms. Hasenfratz as an individual. Coverage under the UM/UIM provisions extends to her without a specific exclusion.
 {¶ 17} Accordingly, the trial court did not err in denying Zurich's motion for summary judgment. The assignment of error is overruled, and the judgment of the Court of Common Pleas is affirmed.
Judgment affirmed.
 Bryant, P.J., and Rogers, J., concur.
[1] For purposes of this appeal, the parties do not contest that Ms. Hazenfratz was operating Brennan's vehicle within the scope of her employment at the time of the accident.