OPINION
{¶ 1} Plaintiff-Appellant Kimberly Metcalfe, ("Metcalfe"), as Administrator of the Estate of Nicholas Metcalfe, deceased, appeals from the April 6, 2006 judgments of the Court of Common Pleas, Allen County, Ohio granting Defendant-Appellee Ultimate Systems, Ltd. Corp., ("Ultimate Systems") Motion for Summary Judgment and granting Ultimate Systems' Motion to Strike Expert's Affidavit.
 {¶ 2} The matter stems from an underlying incident occurring on August 15, 2002 wherein the decedent, Nicholas Metcalfe ("Nicholas"), an employee of Ultimate Systems, was killed while cleaning a mixer located within the facility.
 {¶ 3} Ultimate Systems is a factory located in Allen County, Ohio that manufactures rubber logs or cylinders for use in making a variety of products. The primary components of these rubber logs are "buffings" created from recycled tires and polyurethane glue. In the manufacturing process, the buffings are placed into a weigh hopper and are then weighed and dumped into the mixer. The polyurethane glue is then weighed and dumped into the same mixer and blended with the buffings. The mixture is then moved from the mixer to the press where it is compressed into a mold for further processing or shipment as a raw material.
 {¶ 4} Nicholas was employed by Ultimate Systems for approximately one year prior to the incident. He had been hired to perform basic clean-up duties around the plant, including daily cleaning of the mixer. The mixer is approximately 30 inches deep and is immediately below the clamshell-shaped weigh hopper. Nicholas was to clean the mixer by leaning over the side and using a metal scraper with one arm extended into the mixer to scrape the mixer clean.
 {¶ 5} Although company rules stated that employees shall "[n]ever climb on or into the machine, whether it is switched on or off", Nicholas had climbed into the mixer to clean it. Nicholas died when the clamshell doors of the weigh hopper directly above the mixer closed on him, crushing him to death.
 {¶ 6} On January 21, 2003 Kimberly Metcalfe brought this suit in her capacity as Administrator of the Estate of Nicholas Metcalfe against Ultimate Systems, claiming that Ultimate Systems committed an intentional tort against Nicholas. Specifically, Metcalfe claimed that Ultimate Systems failed to provide any means or mechanism to lockout the weigh hopper immediately above the mixer in an open position while the mixer was being cleaned. Although Metcalfe also initially sued the three manufacturers and installers of the machinery involved in the incident, these three defendants have since been dismissed from this case and are not parties to the present appeal.
 {¶ 7} On December 19, 2005 Ultimate Systems filed its Motion for Summary Judgment and on February 27, 2006 Ultimate Systems filed its Motion to Strike Expert's Affidavit of Gerald C. Rennell. On April 6, 2006 the trial court entered judgment granting Ultimate Systems' Motion for Summary Judgment, and entered judgment granting Ultimate Systems' Motion to Strike Expert's Affidavit. Metcalfe now appeals both Judgment Entries, asserting two assignments of error.
 ASSIGNMENT OF ERROR NO. 1 IN THIS INTENTIONAL TORT ACTION, THE TRIAL COURT ERRED INGRANTING DEFENDANT-APPELLEE'S MOTION FOR SUMMARY JUDGMENT WHEREPLAINTIFF-APPELLANT PROVIDED EVIDENCE OF EGREGIOUS CONDUCT, WHEREGENUINE ISSUES OF MATERIAL FACT EXISTED, AND WHERE THERE WASEVIDENCE TO ESTABLISH ALL THREE PRONGS OF THE FYFFE TEST.
 {¶ 8} In her first assignment of error, Metcalfe contends that the trial court erred by granting summary judgment in favor of Ultimate Systems because sufficient credible evidence was presented to create an issue of fact on the issue of whether Ultimate Systems committed a workplace intentional tort.
 {¶ 9} An appellate court reviews a grant of summary judgment independently, without any deference to the trial court.Conley-Slowinski v. Superior Spinning Stamping Co. (1998),128 Ohio App.3d 360, 363, 714 N.E.2d 991. The standard of review for a grant of summary judgment is de novo. Hasenfratz v.Warnement 3rd Dist. No. 1-06-03, 2006-Ohio-2797 citingLorain Nat'l. Bank v. Saratoga Apts. (1989),61 Ohio App.3d 127, 572 N.E.2d 198. A grant of summary judgment will be affirmed only when the requirements of Civ.R.56(C) are met. This requires the moving party to establish: (1) that there are no genuine issues of material fact, (2) that the moving party is entitled to judgment as a matter of law, and (3) that reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party, said party being entitled to have the evidence construed most strongly in his favor. Civ.R.56(C); see Horton v.Harwick Chem. Corp. (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus.
 {¶ 10} The party moving for summary judgment bears the initial burden of identifying the basis for its motion in order to allow the opposing party a "meaningful opportunity to respond." Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 116,526 N.E.2d 798. The moving party also bears the burden of demonstrating the absence of a genuine issue of material fact as to an essential element of the case. Dresher v. Burt (1996),75 Ohio St.3d 280, 292, 662 N.E.2d 264. Once the moving party demonstrates that he is entitled to summary judgment, the burden shifts to the non-moving party to produce evidence on any issue which that party bears the burden of production at trial. See Civ.R.56(E).
 {¶ 11} In the present case, Ultimate Systems was required to demonstrate that there are no genuine issues of material fact that would allow Metcalfe to succeed on her claim of employer intentional tort. In Blankenship v. Cincinnati MilacronChemicals, Inc. (1982), 69 Ohio St.2d 608, 433 N.E.2d 572, the Supreme Court of Ohio determined that the immunity bestowed upon employers under Ohio's workers compensation laws did not reach intentional torts committed by an employer. The Court reasoned that an employer's intentional tort occurs outside the employment relationship. Id. at 620.
 {¶ 12} The applicable standard in an intentional tort claim is set forth in Fyffe v. Jeno's, Inc. (1991),59 Ohio St.3d 115, 570 N.E.2d 1108. In order to establish "intent" for the purpose of proving the existence of an intentional tort by an employer, the employee must establish the following three elements:
(1) knowledge by the employer of the existence of a dangerousprocess, procedure, instrumentality or condition within itsbusiness operation;
 (2) knowledge by the employer that if the employee issubjected by his employment to such dangerous process, procedure,instrumentality or condition that harm to the employee will be asubstantial certainty; and
 (3) that the employer, under such circumstances, and with suchknowledge, did act to require the employee to continue to performthe dangerous task.
 Fyffe v. Jeno's, Inc. (1991), 59 Ohio St.3d 115,570 N.E.2d 1108, paragraph one of the syllabus. However, to demonstrate the employer's requisite intent, the employee must establish proof beyond that required to prove negligence and beyond that to prove recklessness. Id. at paragraph two of the syllabus. Fyffe requires something more than "mere knowledge and appreciation of a risk." Id. Rather, "[a]s the probability that the consequences will follow further increases, and the employer knows that injuries to employees are certain or substantially certain to result from the process, procedure or condition and he still proceeds, he is treated by the law as if he had in fact desired to produce the result." Id.
 {¶ 13} Furthermore, to withstand a motion for summary judgment, the injured employee must set forth specific facts that raise a genuine issue as to each party of the Fyffe three-prong test. Hristovski v. Bard Mfg. Co. 6 Dist. No. WM-03-022, 2004-Ohio-3984 citing Van Fossen v. Babcock Wilcox Co.
(1988), 26 Ohio St.3d 100, 522 N.E.2d 489, paragraph seven of the syllabus.
 {¶ 14} The first prong of the Fyffe test requires this court to determine whether a genuine issue of material fact exists as to whether Ultimate Systems knew of a dangerous process, procedure or condition that existed at its facility. SeeNaragon v. Dayton Power Light Co. (March 30, 1998), Shelby App. No. 17-97-21, unreported, 1998 WL 142386. We agree with the trial court's conclusion that Ultimate Systems was aware of the dangers associated with cleaning the mixer. The record reflects testimony that shows that Ultimate Systems knew that the weigh hopper could not be locked out, that the mixer was being cleaned in immediate proximity to the open weigh hopper, and that this was dangerous.
 {¶ 15} Therefore, upon review of the record, we find that Metcalfe has presented sufficient evidence to demonstrate that there is an issue of fact that can be determined in her favor as to whether Ultimate Systems knew of the dangerous process, procedure or condition associated with cleaning the mixer. Accordingly, we find that Metcalfe has sufficiently satisfied the first prong of the Fyffe test to withstand summary judgment.
 {¶ 16} The second prong of Fyffe requires this court to determine whether a genuine issue of material fact exists as to whether Ultimate Systems knew that an injury was substantially certain to occur if its employees were subjected to the dangerous process and procedure of cleaning the mixer with the weigh hopper located directly above the mixer.
 {¶ 17} In applying the second prong of the Fyffe test, we have previously held that substantial certainty is "greater than an employer's knowledge of a high risk of harm or danger." Longv. International Wire Group, Inc. 3rd Dist. No. 3-2000-11, 2000-Ohio-1751 citing Cathey v. Cassens Transport Co. 3rd
Dist. No. 14-99-35, 2000-Ohio-1629.
 {¶ 18} In the present case, Metcalfe argues that injury to Nicholas was substantially certain to occur because of the practice of cleaning the mixer with the weigh hopper open directly above the mixer and not locked out. Metcalfe asserts that whether the employee climbed into the mixer or tried to clean the mixer from the outside is irrelevant to the risk of harm because in either position the employee was subjected to an immediate risk of harm or death from the closing of the weigh hopper.
 {¶ 19} Furthermore, Metcalfe argues that the trial court erred in basing its decision regarding the second prong on the fact that no prior similar harm had occurred and referencing the length of time that the dangerous condition existed without an incident occurring. We note that the lack of a prior injury cannot bar recovery completely, but it may be considered in determining whether or not an injury was substantially certain to occur. See Long, supra. "It is not incumbent that a person be burned before one knows not to play with fire." Cook v.Cleveland Elec. Illum. Co. (1995), 102 Ohio App.3d 417, 430,657 N.E.2d 356.
 {¶ 20} Finally, Metcalfe argues that the trial court ignored the testimony of William Windle ("Windle") in deciding that Metcalfe did not meet the second prong of Fyffe. Specifically, Metcalfe argues that Windle's opinion that the lack of a lockout/tagout procedure on the weigh hopper, coupled with its close proximity to the mixer, presented such a hazard that the operations should have ceased immediately so as to avoid causing harm, established a reasonable inference that the risk of harm was a substantial certainty.
 {¶ 21} In response to Metcalfe's contentions, Ultimate Systems argues that persons familiar with the equipment in question have testified that they did not foresee that Nicholas or anyone else would attempt to clean the mixer by climbing into it.
 {¶ 22} Prior to addressing the merits of the second prong of the Fyffe test, we note that Windle was not employed by Ultimate Systems and did not work at the factory where Nicholas was killed. In fact, we note that Windle admitted he was not an expert and testified that he simply reviewed the photographs that depicted the mixer that Nicholas climbed into and reviewed the depositions of Mr. Fanning, Mr. Boeke, Mr. Lippi, and Mr. Horstman prior to offering his own opinion. Therefore, based upon Windle's admission that he was not an expert and his lack of first-hand knowledge about the accident scene, we cannot find that the trial court erred in not considering Windle's testimony.
 {¶ 23} Our review of the evidence establishes that employees of Ultimate Systems who had cleaned the mixer in the past testified that they did not climb into the mixer to clean it and could reach all the way to the bottom to clean the mixer by just putting their arms inside. Additionally, numerous employees testified that they had never seen anyone climb into the mixer, that they didn't think it was possible to even get inside the mixer to clean it, and many testified that it was simply common sense not to climb into the mixer. Furthermore, the evidence shows that Ultimate's work instruction form concerning the mixer/press states that an employee shall "[n]ever climb on or into the machine whether it is switched on or off." We also note that Jason Osting, a supervisor at Ultimate Systems, testified that as a supervisor he never instructed anyone to enter the mixer to clean it.
 {¶ 24} Upon review of the record in this case, we find that Metcalfe has not presented specific facts creating a genuine issue of material fact as to the second prong of the Fyffe
test. Construing the evidence most strongly in favor of Metcalfe, we concur with the trial court's determination that Metcalfe failed to show that Ultimate Systems knew that an injury was substantially certain to occur if its employees were subjected to the dangerous process and procedure of cleaning the mixer.
 {¶ 25} Based upon our finding that Metcalfe did not meet the second prong of the Fyffe test, it is not necessary for us to address the third prong of the test, and Metcalfe's first assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. 2 IN THIS INTENTIONAL TORT ACTION THE TRIAL COURT ERRED INGRANTING DEFENDANT-APPELLEE'S MOTION TO STRIKEPLAINTIFF-APPELLANT'S EXPERT AFFIDAVIT OF GERALD C. RENNELL,WHERE THE EXPERT'S OPINIONS WERE PROPERLY BASED ON THE FACTUALEVIDENCE WHICH THE TRIAL COURT WAS REQUIRED TO CONSIDER, THEAFFIDAVIT WAS RELIABLE, AND WHERE THE OPINIONS, STANDING ALONE ORIN COMBINATION WITH OTHER EVIDENCE, CLEARLY ESTABLISHED A FACTUALDISPUTE REGARDING THE DEFENDANT-APPELLEE'S MISCONDUCT.
 {¶ 26} In her second assignment of error Metcalfe contends that the trial court erred in finding that the expert affidavit of Gerald Rennell was unreliable and of no assistance to the court, and also contends that the trial court erred in striking Rennell's affidavit.
 {¶ 27} We note that a trial court's decision to grant or overrule a motion to strike is within its sound discretion and will not be overturned on appeal absent a showing of abuse of discretion. Kennedy v. Merck Co., Inc. 2nd Dist. No. 19591, 2003-Ohio-3774. Additionally, a trial court is vested with sound discretion to rule on the admission or exclusion of evidence based upon relevance, and these rulings will also not be overturned absent an abuse of discretion. State v. Hines
3rd Dist. No. 9-05-13, 2005-Ohio-6696 citing Renfro v.Black (1990), 52 Ohio St.3d 27, 556 N.E.2d 150. An abuse of discretion constitutes more than an error of law or judgment and implies that the trial court acted unreasonably, arbitrarily, or unconscionably. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140. When applying the abuse of discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. Id.
 {¶ 28} Metcalfe attempted to present Rennell's affidavit to support a finding on the second prong of the Fyffe test. In support of his opinion that "this accident was substantially certain to occur because of the practice of cleaning the mixer with the weigh hopper open and not locked out," Rennell's affidavit stated that he reviewed fourteen documents including depositions, exhibits, and the sworn testimony of the November 2, 2005 VSSR hearing.
 {¶ 29} This court also reviewed the fourteen documents listed in Rennell's affidavit prior to reaching our decision regarding Metcalfe's first assignment of error. Upon our review of these documents and testimony, we are unable to find that they raise any genuine issue of material fact as to the second prong of theFyffe test. As a result, we cannot find that Rennell's opinion as to the "substantial certainty" requirement contained in the second prong of Fyffe is in any way supported by a simple review of the documents listed in Rennell's affidavit.
 {¶ 30} In sum, as Rennell's opinion is offered solely on the basis of documents and testimony that we have previously determined do not create a genuine issue of material fact as to the second prong of the Fyffe test, we find that the trial court did not abuse its discretion in striking Rennell's affidavit. Accordingly, Metcalfe's second assignment of error is overruled.
 {¶ 31} Based upon the foregoing, the judgment of the Court of Common Pleas, Allen County, Ohio granting Ultimate Systems' Motion for Summary Judgment and granting Ultimate Systems' Motion to Strike Expert's Affidavit is affirmed.
Judgment affirmed.
 Bryant, P.J., and Cupp, J., concur.