OPINION
{¶ 1} Defendant-Appellant Jeld-Wen, Inc. (dba Paxton The Wood Source), ("Jeld-Wen") appeals from the July 6, 2007 Judgment Entry on Motion to Attach Bond and the August 9, 2004 Judgment Entry/Decision on Motion for Summary Judgment of the Court of Common Pleas, Mercer County, Ohio.
 {¶ 2} This matter stems from events occurring in Mercer County, Ohio wherein Plaintiffs-Appellees Scott and Lisa Grieshop ("the Grieshops") entered into an oral contract with a local wood-worker, Doug Hoyng ("Hoyng") during the construction of their home. Pursuant to this oral contract, Hoyng agreed to build and install kitchen cabinets, bathroom vanities, shelving, and an entertainment center for the Grieshops. *Page 3 
 {¶ 3} In April 2001 Hoyng contacted Jeff Rinderle (dba Rinderle Custom Woodworks) ("Rinderle") and requested that Rinderle order white ash wood for the Grieshop project. Rinderle subsequently placed an order with Jeld-Wen, which provided Rinderle with the wood, and Hoyng retrieved the wood from Rinderle the day after Rinderle picked up the wood from Jeld-Wen. Hoyng stored this wood in the Grieshops' barn for approximately three weeks. Hoyng then used some of this wood to build the furnishings requested by the Grieshops, and he completed and installed the furnishings in June 2001. At some point Hoyng transferred the leftover wood to his shop in Lima, Ohio.
 {¶ 4} In July 2001 Hoyng noticed small holes in the leftover wood being stored in his shop. He told Rinderle about the holes, and Rinderle advised that they were caused by worms. Rinderle advised Hoyng to simply cut around the holes. Hoyng followed this advice and use some of the leftover wood in another project.
 {¶ 5} In August 2001 Hoyng found new holes caked with sawdust-like frass (or insect excrement) in the leftover wood. He told Rinderle about the new holes, and Rinderle told Jeld-Wen. Jeld-Wen directed Rinderle to return all of the wood, but only the leftover wood was returned. None of the parties advised the Grieshops of this problem. *Page 4 
 {¶ 6} In February 2002 the Grieshops noticed frass in their vanities, shelving, and entertainment center. They contacted Orkin Pest Control who came to their house and found powder post beetles in each of these furnishings. Consequently, the Grieshops burned their entertainment center and fumigated their home.
 {¶ 7} On July 12, 2002 the Grieshops filed a complaint in the Mercer County Court of Common Pleas against Hoyng, Rinderle, and Jeld-Wen. The complaint alleged that Hoyng breached their oral contract, an express warranty, and the implied warranty of merchantability. The complaint also alleged that if Hoyng acted as their agent, then Rinderle breached the oral contract, the express warranty, and the implied warranty of merchantability, and that Rinderle supplied a defective product under the State of Ohio's product liability statutes. (See Ohio Revised Code section 2307.71 et seq.). Additionally, the Grieshops' complaint alleged that Jeld-Wen manufactured a defective product under R.C. 2307.71 et seq. and placed the product into the stream of commerce. In their prayer for relief, the Grieshops sought the cost of the entertainment center, fumigation, and other related expenses.
 {¶ 8} Hoyng, Rinderle, and Jeld-Wen each filed answers to the Grieshops' complaint, denying liability. Additionally, they all filed cross-claims for indemnification against each other. On October 1, 2003 Rinderle filed a motion *Page 5 
for summary judgment on each of the Grieshops' allegations contained in their complaint, Hoyng's cross-claim for indemnification, and Jeld-Wen's cross-claim for indemnification.
 {¶ 9} On August 9, 2004 the trial court entered a Judgment Entry denying Rinderle's motion for summary judgment on the Grieshops' defective-product claim because genuine issues of material fact existed regarding Rinderle's liability as a supplier. The trial court also denied Rinderle's motion for summary judgment on Hoyng's cross-claim for indemnification. However, the trial court granted Rinderle's motion for summary judgment on Jeld-Wen's cross-claim for indemnification, finding that the purchase order for the wood did not require Rinderle to indemnify Jeld-Wen.
 {¶ 10} On February 28, 2005 Rinderle filed a second motion for summary judgment on the Grieshops' claims. On May 18, 2005 the trial court granted Rinderle's motion for summary judgment on the Grieshops' breach of contract claim, denied Rinderle's motion for summary judgment on the Grieshops' implied warranty claim, and did not rule on Rinderle's motion as it pertained to the Grieshops' express warranty claim. Furthermore, the trial court granted Rinderle's motion for summary judgment on the Grieshops' defective product claim. Additionally, the trial court determined that the product liability statute contained in R.C.2307.78(B)(2) subjected Rinderle to liability on the Grieshops' defective- *Page 6 
product claim against Jeld-Wen if Jeld-Wen asserted insolvency or became insolvent.
 {¶ 11} On August 3, 2005 Hoyng filed for bankruptcy, and, as a result, the trial court stayed the proceedings in this case. On April 11, 2006 the Grieshops filed a motion to vacate the stay and reactivate the case based upon the bankruptcy of Hoyng. The trial court granted the Grieshops' motion. Although the bankruptcy proceeding discharged Hoyng from liability, nothing in the record indicates that the trial court dismissed Hoyng from this case or otherwise disposed of the claims and cross-claims against him.[1]
 {¶ 12} On May 25, 2006 the Grieshops moved for summary judgment on their defective-product claim against Jeld-Wen. On July 26, 2006 the trial court granted the Grieshops' motion for summary judgment. In granting this motion, the trial court found that the powder post beetles had infested the wood before Jeld-Wen sold it to Rinderle and that the infested wood caused the Grieshops pecuniary loss. On August 21, 2006 the trial court entered judgment against Jeld-Wen in the amount of $44,666.33.
 {¶ 13} Jeld-Wen filed a timely notice of appeal of the trial court's August 9, 2004 Judgment Entry which granted Rinderle summary judgment on Jeld-Wen's cross-claim for indemnification. In that appeal, Jeld-Wen also challenged the trial *Page 7 
court's July 26, 2006 Judgment Entry which granted the Grieshops summary judgment on their defective-product claim, and challenged the trial court's alleged implicit denial of Jeld-Wen's motion for leave to file a motion for summary judgment.
 {¶ 14} On June 11, 2007 this court overruled Jeld-Wen's assignments of error relating to the July 26, 2006 Judgment Entry and subsequent damage award regarding the Grieshops and affirmed the trial court's grant of summary judgment to the Grieshops. However, this court dismissed Jeld-Wen's assignments of error and appeal relating to the trial court's August 9, 2004 Judgment Entry which granted Rinderle summary judgment on Jeld-Wen's cross-claim for indemnification, and the trial court's alleged implicit denial of Jeld-Wen's motion for leave to file a motion for summary judgment. This matter was remanded to the trial court. SeeGrieshop et al, v. Hoyng et al. and Jeld-Wen, Inc., 3rd
Dist. No. 10-06-07, 2007-Ohio-2861. Jeld-Wen filed a discretionary appeal of this decision with the Supreme Court of Ohio, but the appeal was denied on October 24, 2007. See Grieshop v. Hoyng (2007),115 Ohio St.3d 1444, 875 N.E.2d 104, 2007-Ohio-5567.
 {¶ 15} On remand, the trial court disposed of any issues found by this court to be unresolved. In its July 6, 2007 Judgment Entry the trial court denied Rinderle's motion for summary judgment against the Grieshops on the express *Page 8 
warranty claim based upon the court's previous grant of summary judgment in favor of the Grieshops against Jeld-Wen. Additionally, the trial court explicitly denied Jeld-Wen's motion for leave to file its motion for summary judgment.
 {¶ 16} Jeld-Wen now appeals, asserting two assignments of error.
 ASSIGNMENT OF ERROR NO. 1 THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO DEFENDANT/APPELLEE RINDERLE IN ITS AUGUST 9, 2004 AND JULY 6, 2007 ORDERS BECAUSE THE TRIAL COURT FAILED TO ACKNOWLEDGE THAT A QUESTION OF MATERIAL FACT EXISTED REGARDING RINDERLE'S CONTRACTUAL OBLIGATION TO INDEMNIFY JELD-WEN.
 ASSIGNMENT OF ERROR NO. 2 THE TRIAL COURT ERRED IN OVERRULING JELD-WEN'S MOTION FOR LEAVE TO FILE A MOTION FOR SUMMARY JUDGMENT.
 Assignment of Error No. 1 {¶ 17} In its first assignment of error, Jeld-Wen contends that the trial court erred in granting summary judgment in favor of Rinderle on Jeld-Wen's cross-claim against him because there were genuine issues of material fact presented regarding Rinderle's actions and/or omissions relating to the wood used in the Grieshops' home and how it related to Jeld-Wen's alleged right to indemnification from Rinderle.
 {¶ 18} An appellate court reviews a grant of summary judgment independently, and without any deference to the trial court.Conley-Slowinski v. *Page 9 Superior Spinning Stamping Co. (1998), 128 Ohio App.3d 360, 363,714 N.E.2d 991. The standard of review for a grant of summary judgment is de novo. Hasenfratz v. Warnement 3rd Dist. No. 1-06-03,2006-Ohio-2797 citing Lorain Nat'l. Bank v. Saratoga Apts. (1989),61 Ohio App.3d 127, 572 N.E.2d 198. A grant of summary judgment will be affirmed only when the requirements of Civ.R.56(C) are met. This requires the moving party to establish: (1) that there are no genuine issues of material fact, (2) that the moving party is entitled to judgment as a matter of law, and (3) that reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party, said party being entitled to have the evidence construed most strongly in his favor. Civ.R.56(C); see Horton v. Harwich Chem.Corp. (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus. Additionally, Civ.R. 56(C) mandates that summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.
 {¶ 19} The party moving for summary judgment bears the initial burden of identifying the basis for its motion in order to allow the opposing party a "meaningful opportunity to respond." Mitseff v. Wheeler (1988),38 Ohio St.3d 112, 116, 526 N.E.2d 798. The moving party also bears the burden of *Page 10 
demonstrating the absence of a genuine issue of material fact as to an essential element of the case. Dresher v. Burt (1996),75 Ohio St.3d 280, 292, 662 N.E.2d 264. Once the moving party demonstrates that he is entitled to summary judgment, the burden shifts to the non-moving party to produce evidence on any issue which that party bears the burden of production at trial. See Civ.R.56(E).
 {¶ 20} Accordingly, in the present case, Rinderle was required to demonstrate that there were no issues of material fact that would allow Jeld-Wen to succeed on its cross-claim alleging its right to indemnification from Rinderle.
 {¶ 21} In the present case, Hoyng contacted Rinderle and requested that Rinderle order white ash wood for the Grieshop project. Rinderle subsequently placed an order with Jeld-Wen, which provided Rinderle with the wood. There was an indemnification clause printed on the back of the invoice for this transaction between Rinderle and Jeld-Wen which provided as follows:
 Indemnification. You [Rinderle] are responsible for all consequences of incorporating our products into items or objects or for applications which you design, assemble, construct or manufacture, where we have not substantially participated with you in designing, assembling, constructing and manufacturing such items, objects, or applications. You hereby indemnify us and hold us harmless from any and all claims for injuries, death or damages associated with such incorporation or use if such claims actually or allegedly arise from such design, assemblage, construction or manufacture.
 {¶ 22} We note that the indemnification clause is very specific and requires Rinderle to indemnify Jeld-Wen in only two circumstances. First, Rinderle is *Page 11 
required to indemnify for consequences of his incorporation of the wood into items or objects. Second, Rinderle is required to indemnify for applications which he designed, assembled, constructed or manufactured.
 {¶ 23} Our review of the record reveals that in April of 2001 Hoyng ordered white ash wood from Rinderle which Rinderle ordered from Jeld-Wen. On or about April 6, 2001 this wood was delivered to Rinderle from Jeld-Wen whereupon Rinderle planed the wood according to the dimensions requested by Hoyng. Hoyng picked up the wood from Rinderle the next day.
 {¶ 24} Jeld-Wen argues that Rinderle took part in the assembly and construction of the items for which the white ash wood was used. Specifically, Jeld-Wen argues that Rinderle's act of planing the wood as requested by Hoyng and advising Hoyng to cut around the holes in the wood demonstrates that Rinderle took part in the assembly and construction of the items for which the wood was used or, at the very least, creates an issue of fact as to whether Rinderle had a role in the assembly and constructing at issue.
 {¶ 25} However, we find, pursuant to the language of the indemnification clause, that Rinderle's planing of the wood was not an incorporation of the wood into items or objects nor did Rinderle design, assemble, construct or manufacture any products with the wood. Additionally, we note that Rinderle provided advice *Page 12 
to Hoyng about cutting around the holes in the wood after Hoyng completed and installed the wood furnishings in the Grieshops' home.
 {¶ 26} Based on the foregoing, we find that Jeld-Wen has not presented specific facts creating a genuine issue of material fact regarding Rinderle's actions or omissions regarding the wood used at the Grieshops' home and how it related to Jeld-Wen's alleged right to indemnification from Rinderle. Construing the evidence most strongly in favor of Jeld-Wen, we concur with the trial court's determination that "the evidence in the record fails to establish that Rinderle incorporated the wood into items or objects or that Rinderle designed, assembled, constructed, or manufactured anything with the wood." Accordingly, we concur with the trial court's determinations that "there is no dispute as to any material fact with regard to the claim of Jeld-Wen, Inc. against Rinderle for indemnification" and that "Rinderle is entitled to judgment on Jeld-Wen, Inc.'s cross-claim against him based upon the indemnification clause as a matter of law." Therefore, Jeld-Wen's first assignment of error is overruled.
 Assignment of Error No. 2 {¶ 27} In its second assignment of error, Jeld-Wen alleges that the trial court erred and abused its discretion in denying Jeld-Wen's motion for leave to file a motion for summary judgment.
 {¶ 28} Civ.R. 56(B) provides as follows: *Page 13 
 A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part of the claim, counterclaim, cross-claim, or declaratory judgment action. If the action has been set for pretrial or trial, a motion for summary judgment may be made only with leave of court.
 {¶ 29} The decision to grant or deny leave to file a motion for summary judgment once an action has been set for pretrial or trial lies within the sound discretion of the trial court. Pummill v. Carnes, 4th Dist. No. 02CA2659, 2003-Ohio-1060 citing Woodman v.Tubbs Jones (1995), 103 Ohio App.3d 577, 582, 660 N.E.2d 520, citingParamount Supply Co. v. Sherlin Corp. (1984), 16 Ohio App.3d 176,179-180, 475 N.E.2d 197. Accordingly, we will not reverse a trial court's decision denying leave to file a motion for summary judgment absent an abuse of discretion. An abuse of discretion constitutes more than an error of law or judgment and implies that the trial court acted unreasonably, arbitrarily, or unconscionably. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. When applying the abuse of discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. Id.
 {¶ 30} In the present case, the trial court set a deadline of October 1, 2003 for the parties to serve and file motions for summary judgment. (See July 22, 2003 Judgment Entry). On October 1, 2003 Rinderle filed a motion for summary *Page 14 
judgment requesting judgment in his favor upon the claims made against him by the Grieshops as well as the cross-claims filed against him.
 {¶ 31} On October 9, 2003 Jeld-Wen filed a motion for leave to file a motion for summary judgment with its proposed motion attached. The Grieshops filed a motion in opposition to Jeld-Wen's request for leave on October 14, 2003 and Rinderle filed a response in opposition to Jeld-Wen's request for leave on October 20, 2003. The trial court conducted a hearing on Rinderle's motion for summary judgment on October 16, 2003.
 {¶ 32} In its August 9, 2004 Judgment Entry, the trial court noted that it would not consider Jeld-Wen's response to Rinderle's motion for summary judgment (filed October 16, 2003), nor would it consider Rinderle's response to memoranda contra (filed December 12, 2003) as neither had been timely filed. Additionally, the trial court stated that "although the court has reviewed the proposed motion for summary judgment of defendant Jeld-Wen, Inc., the court has not considered same in deciding Rinderle's motion for summary judgment as the leave for filing same has not been granted to Jeld-Wen, Inc."
 {¶ 33} Our review of the August 9, 2004 Judgment Entry reveals that the trial court's indication that leave "has not been granted to Jeld-Wen, Inc." to file a motion for summary judgment may be interpreted as a denial of Jeld-Wen's *Page 15 
motion for leave, although not explicitly stated as such.[2] However, even if the language contained in the August 9, 2004 Judgment Entry did not explicitly deny Jeld-Wen's request for leave, we note that at no time between the August 9, 2004 Judgment Entry and the previous appeal in this matter did Jeld-Wen take any affirmative action regarding its October 9, 2003 motion or otherwise again file a motion for leave or request the court's permission to file a motion for summary judgment. Simply put, our review of the record reveals that Jeld-Wen had ample time and opportunity to renew its request for leave, yet failed to do so.[3]
 {¶ 34} Furthermore, we note that taken together, the trial court's grant of the Grieshops' motion for summary judgment on their defective-product claim against Jeld-Wen, this court's affirmance of the trial court's grant of summary judgment to the Grieshops, and the trial court's grant of the Grieshops' motion for summary judgment on their product liability claim against Jeld-Wen have rendered the issues raised by Jeld-Wen in a motion for summary judgment moot. *Page 16 
It is impossible for opposing parties to both prevail on the same issue; therefore the denial of leave is irrelevant.
 {¶ 35} Based on the foregoing, we find that the trial court did not err or abuse its discretion in denying Jeld-Wen's motion for leave to file a motion for summary judgment. Accordingly, Jeld-Wen's second assignment of error is overruled.
 {¶ 36} Therefore, the July 6, 2007 Judgment Entry on Motion to Attach Bond and the August 9, 2004 Judgment Entry/Decision on Motion for Summary Judgment of the Court of Common Pleas, Mercer County, Ohio are affirmed.
Judgment affirmed.
 PRESTON and WILLAMOWSKI, JJ., concur.
[1] We note that Hoyng is not a party to the present appeal, nor was he a party to the previous appeal of this case before this court. (See Case No. 2007-Ohio-2861).
[2] On remand, as contained in the trial court's July 6, 2007 Judgment Entry, the court addressed Jeld-Wen's motion for leave to file a motion for summary judgment and stated, in relevant part, as follows: "The motion was filed after the motion cutoff date had passed, and therefore, the court never ruled upon it. Defendant Jeld-Wen, Inc. argued [on appeal] that the trial court therefore implicitly denied it. In order to confirm that said motion was never granted and implicitly denied, the court now explicitly denies said motion." (See July 6, 2007 Judgment Entry, page 2).
[3] We note that subsequent to the trial court's August 9, 2004 Judgment Entry, Rinderle renewed his motion for leave to file a supplemental motion for summary judgment. This request was granted by the trial court and Rinderle filed his supplemental motion for summary judgment. Additionally, the Grieshops also requested leave to file a supplemental motion for summary judgment in 2006. This request was granted by the trial court and the Grieshops filed a motion for summary judgment on May 25, 2006. (See also July 26, 2006 Judgment Entry). *Page 1