{¶ 1} Plaintiff-appellant, Ryan C. Mason (hereinafter "Mason"), appeals the judgment of the Union County Court of Common Pleas granting defendants-appellees,' Joseph J. Recchie Sr. et al (hereinafter "Recchie"), motion to strike an amended complaint.
 {¶ 2} On October 17, 2006, Mason filed a complaint in the trial court alleging breach of contract, promissory estoppel, and specific performance. Recchie filed his answer and counterclaim on November 21, 2006. On January 3, 2007, Recchie filed a motion for judgment on the pleadings. Subsequent to this filing, Mason allegedly obtained Recchie's consent to move or plead in response to the motion for judgment on the pleadings.[1]
 {¶ 3} On January 22, 2007, Mason filed an amended complaint. Recchie filed an answer to the amended complaint on January 31, 2007. On February 21, 2007, Recchie filed a motion for judgment on the amended complaint. On March 1, 2007, the trial court dismissed the original complaint with prejudice.
 {¶ 4} Thereafter, Mason filed an appeal to this Court. On September 24, 2007, we dismissed Mason's appeal for lack of a final appealable order because *Page 3 
the amended complaint was still outstanding. Mason v. Reechie, 3d Dist. No. 14-07-12, 2007-Ohio-4942.[2]
 {¶ 5} On October 22, 2007, Recchie filed a motion to strike the amended complaint or, in the alternative, to grant judgment on the pleadings of the amended complaint. On October 23, 2007, the trial court filed its judgment entry sustaining Recchie's motion to strike the amended complaint.
 {¶ 6} On November 20, 2007, Mason filed this present appeal asserting three assignments of error for our review. We have elected to address Mason's assignments of error out of order.
 ASSIGNMENT OF ERROR NO. III PURSUANT TO OHIO RULES OF CIVIL PROCEDURE 7(B)(2) AND THE UNION COUNTY LOCAL RULES OF COURT 10.01, IT WAS AN ABUSE OF DISCRETION FOR THE TRIAL COURT TO RULE ON DEFENDANT'S MOTION WITHOUT ALLOWING PLAINTIFF AN OPPORTUNITY TO FILE A RESPONSE.
 {¶ 7} In his third assignment of error, Mason argues that the trial court abused its discretion by ruling on Recchie's motion to strike the amended complaint without allowing him to respond as provided under both the Ohio Rules of Civil Procedure and the Union County local rules. Recchie has failed to respond to this assignment of error. *Page 4 
 {¶ 8} Appellate review of a trial court's decision to grant or deny a motion to strike is under an abuse of discretion standard. Metcalfe v.Ulimate Systems, Ltd., 3d Dist. No. 1-06-29, 2006-Ohio-5835, ¶ 27, citing Kennedy v. Merck Co., Inc., 2d Dist. No. 19591, 2003-Ohio-3774. An abuse of discretion is more than an error of law or judgment; it implies that the trial court acted unreasonably, arbitrarily, or unconscionably. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140. When applying an abuse of discretion standard, the reviewing court is not permitted to simply substitute its judgment for that of the trial court. Id.
 {¶ 9} Civ.R. 7(B)(2) provides courts with the authority to "make provision by rule or order for the submission and determination of motions without oral hearing upon brief written statements of reasons in support and opposition." Pursuant to this authority, the Union County Court of Common Please adopted Local Rule 10, which provides, in pertinent part:
 RULE 10
 HEARING AND SUBMISSION OF MOTIONS INCLUDING MOTIONS UNDER CIVIL RULE 56
 10.01. Motions shall be accompanied by a memorandum stating the grounds therefore and citing the authorities and reasons relied upon. Within 14 days after service of such Motion, each party opposing the Motion shall respond. Upon expiration of the time for filing memoranda, the matter shall be deemed submitted. Failure to file a memorandum at the time required is a waiver and consent to submit the issue or case to the Court forthwith for decision. *Page 5 
(Emphasis added).
 {¶ 10} In this case, the trial court ruled on Recchie's motion to strike one day after it was submitted and without any response from Mason. Under Local Rule 10, however, the trial court was required to wait at least fourteen (14) days before it could consider Recchie's motion submitted for decision. The trial court's failure to provide Mason with an opportunity to respond to the motion within the time frame allowed by its local rules is an abuse of discretion. Hillabrand v.Drypers Corp. (2000), 87 Ohio St.3d 517, 721 N.E.2d 1029. See also,Cook v. Harris (May 18, 1999), 5th Dist. No. 1997CA00411; Noles v.Bennett (Sept. 30, 1998), 9th Dist. No. 97CA006988.
 {¶ 11} Mason's third assignment of error is, therefore, sustained.
 ASSIGNMENT OF ERROR NO. I PURSUANT TO CIVIL RULE 15 AND THE JANUARY 10, 2007 AGREED STIPULATION BETWEEN THE PARTIES, THE TRIAL COURT SHOULD HAVE ALLOWED AMENDMENT OF THE PLAINTIFF'S COMPLAINT. THEREFORE, DISMISSAL IN THIS MATTER WAS AN ABUSE OF DISCRETION.
 ASSIGNMENT OF ERROR NO. II THE TRIAL COURT ERRED IN DISMISSING PLAINTIFF'S AMENDED COMPLAINT BECAUSE PLAINTIFF PROPERLY STATED A CLAIM FOR WHICH RELIEF COULD BE GRANTED. *Page 6 
 {¶ 12} Since we have sustained Mason's third assignment of error, his first and second assignments are not now ripe for review. We, therefore, overrule those assignments of error as moot.
 {¶ 13} Having found error prejudicial to the appellant herein in the particulars assigned and argued, we reverse the judgment of the trial court and remand for the trial court to permit Mason to respond to Recchie's motion to strike.
Judgment Reversed; Cause Remanded.
 WILLAMOWSKI and ROGERS, JJ., concur.
[1] The parties' briefs make allegations that indicate a possible referral to Disciplinary Counsel. A referral by this Court based on the record herein, however, is not required. Therefore, any potential disciplinary action will be left to the attorneys of record and the trial court below.
[2] In our Sept. 24, 2007 opinion, we referred to defendants-appellees by their proper last name of "Recchie"; however, the Westlaw case title uses an incorrect spelling of "Reechie." *Page 1