DECISION AND JOURNAL ENTRY
{¶ 1} Appellant-cross appellee, Hampton Woods Condominium, Inc. ("Hampton Woods"), appeals from the judgment of the Summit Count Court of Common Pleas awarding declaratory judgment in favor of Appellee, Hampton Ridge Condominium Association No. 1 ("Hampton Ridge"). This Court affirms.
 I. {¶ 2} Hampton Ridge and Hampton Woods are residential developments located adjacent to one another. The declaration forming Hampton Ridge was filed in 1975, while the declaration forming Hampton Woods was filed in 1977. While Hampton Ridge consists of only forty units, Hampton Woods has three hundred four units. As a result, located on the common areas of Hampton Woods are certain recreation facilities. These facilities include a clubhouse, pool, and tennis courts. Since the construction of these facilities, Hampton Ridge residents have been permitted to use the recreational facilities located on Hampton Woods property provided that they pay an annual fee to Hampton Woods Condominium Association.
 {¶ 3} However, in October 2002, Hampton Woods, by a vote of more than seventy seven percent of its residents, voted to delete the provision in its declaration that permitted Hampton Ridge residents to pay to use the recreational facilities. On May 23, 2003, appellee filed its complaint for declaratory judgment and a preliminary and permanent injunction. The cause was heard before a magistrate who found that appellee was likely to succeed on the merits of its case and that a preliminary injunction was warranted. Appellant objected to the magistrate's findings and conclusions. The trial court overruled appellant's objections, finding that Hampton Ridge residents had an irrevocable license with respect to the use of the recreational facilities. Appellant timely appealed, raising two assignments of error. In turn, appellee cross-appealed raising one assignment of error.
 II. ASSIGNMENT OF ERROR I
"The trial court erred by concluding that Hampton Woods is not permitted to terminate the revocable license granted to Hampton Ridge and thereby awarding judgment in favor of Hampton Ridge."
 {¶ 4} In its first assignment of error, appellant averred that the trial court erred in finding that the residents of Hampton Ridge held irrevocable licenses which entitled them to use the recreational facilities located on Hampton Woods. This Court disagrees.
 {¶ 5} The standard of review regarding the grant of an injunction and declaratory relief is whether the trial court abused its discretion.Perkins v. Quaker City (1956), 165 Ohio St. 120, 125. See also ControlData Corp. v. Controlling Bd. (1983), 16 Ohio App.3d 30, 35. Abuse of discretion requires more than simply an error in judgment; it implies unreasonable, arbitrary, or unconscionable conduct by the court.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 6} There are two types of licenses: revocable licenses which are mere privileges to do an act on the land of another and licenses coupled with interest which are generally irrevocable. Kamenar Railroad Salvage,Inc. v. Ohio Edison Co. (1992), 79 Ohio App.3d 685, 691. "If the parties intend the agreement to be permanent in nature, the license is said to be coupled with an interest." Cambridge Village Condo. Assn. v.Cambridge Condo. Assn. (2000), 139 Ohio App.3d 328, 333. Thus, once a license is coupled with an interest, it becomes irrevocable and is a right to act on the land of another rather than a mere privilege.Kamenar, 79 Ohio App.3d at 691.
 {¶ 7} Appellee claims to have an irrevocable license based upon the language in appellant's declaration which expresses an intent to create a permanent agreement. Article 9(s) of the appellant's declaration states in pertinent part as follows:
"That part of the Recreation Area which is subject to this Declaration and all Recreational Facilities existing on such Area from time to time shall be Common Areas and Facilities as herein contemplated. Each person and member of such person's immediate family (collectively "Optionee") who resides on and has an ownership interest in any part of Block A of the plat of Hamptontowne Ridge, Section A, recorded in Plat Book 91 at page 72 of Summit County Records, which is not a part of this Condominium, shall have the non-exclusive right to use in common with the Unit Owners and Occupants of this Condominium the Recreation Area subject to this Declaration and the Recreation Facilities existing thereon from time to time in accordance with and subject to reasonable and non-discriminatory Rules promulgated by the Board or the Association for such use, and equitable annual fee established each year by the Board for such use."
The parties agree that the above section applies to the residents of Hampton Ridge. Further, the plain language of the above provision indicates that the residents of Hampton Ridge have a right to act, not a mere privilege. As such, this Court cannot say that the trial court acted in an arbitrary, unreasonable, or unconscionable manner when it found that the parties intended the license to be permanent because the plain language of the provision indicates that the parties intended to create an irrevocable license. See Kamenar, 79 Ohio App.3d at 691. This Court's conclusion that the trial court did not abuse its discretion is further bolstered by the fact that the license at issue had existed for more than twenty-five years before appellant attempted to unilaterally revoke it.
 {¶ 8} Appellant also asserts that appellee cannot have an irrevocable license because that interest would be considered an easement and is not recorded in appellee's declaration in contravention of the Revised Code. However, appellant has cited to no authority, nor can this Court find support for the theory that this easement must be specifically identified in appellee's declaration in order to be valid.
 {¶ 9} Finally, appellant asserts that R.C. 5311.07 requires that drawings be prepared for every condominium property which include easements. This Court is not persuaded by appellant's argument. We fail to see how appellee would include drawings of an easement that is located on the property of another within its declaration. Accordingly, Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
"[The] Trial Court erred when it ignored and refused to give effect to a properly passed Amendment to Hampton Woods Declaration[.]"
 {¶ 10} In its second assignment of error, appellant contends that the trial court erred when it failed to enforce the amendment passed by appellant that eliminated appellee's right to use the recreational facilities. This Court disagrees.
 {¶ 11} Based upon the above conclusion that the trial court did not err in finding that appellee had an irrevocable license, appellant's second assignment of error has no merit. Upon a finding that a license is irrevocable, that license is no longer terminable at the will of the licensor. Cambridge Village, 139 Ohio App.3d at 333. Further, appellant has put forth no argument that appellee abandoned the use of this license or that the parties mutually agreed to terminate the license. SeeKamenar, 79 Ohio App.3d at 692. Accordingly, the trial court did not err when it found that appellant could not unilaterally terminate the license at issue. As such, appellant's second assignment of error is overruled.
 CROSS-ASSIGNMENT OF ERROR
"The trial court erred in concluding that the `Basic Agreement' failed to create an `Irrevocable License' to utilize the recreational facilities."
 {¶ 12} Based upon this Court's resolution of appellant's assignments of error, appellees cross-assignment of error is rendered moot. Therefore, this Court declines to address it. See App.R. 12(A)(1)(c).
 III. {¶ 13} Appellant's assignments of error are overruled and appellee's crossassignment of error is moot. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant/cross-appellee.
Exceptions.
Batchelder, J. Boyle, J. concur