DECISION AND JUDGMENT
{¶ 1} This is an accelerated appeal from the January 8, 2008 judgment of the Ottawa County Court of Common Pleas which granted summary judgment in favor of defendant-appellee, Burgundy Bay Association, regarding a boat dock dispute with plaintiff-appellant Polly Turner. For the reasons that follow, we affirm the trial court's decision.
 {¶ 2} The relevant facts are as follows. On December 21 1985, appellant's father purchased the "permanent" right to use a specific dock space (dock number 79) located in *Page 2 
Burgundy Bay Marina on Middle Bass Island. On the same date, appellant's father also purchased a vacant lot in the Burgundy Bay Subdivision. The lot was never developed.
 {¶ 3} In 1986, appellee amended Article IV of the by-laws to include an assessment for undeveloped lot owners with a boat (boat in dock fee or "BID fee"). The amendment states, in part:
 {¶ 4} "Section 1-Fees and Dues:
 {¶ 5} The basis upon which all members shall be taken into the Association shall be the payment of dues. The annual dues for each member shall be as follows:
 {¶ 6} "(A) LOT OWNER: $150.00 per year attributable to the first vacant lot the member owns.
 {¶ 7} "(B) LOT OWNER WITH BOAT: $200.00 per year, assessed to owner of vacant lot who owns or otherwise directs or controls the use of a boat which has a presence in the marina."
 {¶ 8} It is undisputed that all fees and dues were paid from 1985 to 1995. Following appellant's father's death in 1995, appellant was transferred all the rights to his Middle Bass Island assets. According to appellant, she continued to pay all association fees, dock fees, and all related costs. Appellant alleged that in 2001, after finding the dock space occupied by another vessel, she was notified that appellee had transferred the dock space to another member. Appellee indicated that dock space 79 had been reassigned due to a past history of nonuse; the space appellant was reassigned was *Page 3 
unusable due to low lake levels. A dispute arose, and in March 2002, appellant was issued a new dock certificate; the certificate did not specify a dock number.
 {¶ 9} Appellant continued to contest the dock reassignment; she also contested the BID fee. In 2004, appellant ceased payment of the BID fee after it was apparent that she would not be assigned dock space 79. In April 2007, after notice by certified mail, appellant's dock certificate was rescinded for failure to pay the BID fees and related late charges.
 {¶ 10} On June 18, 2007, appellant commenced this action against appellee alleging unjust enrichment, conversion, and breach of contract arising from the aforementioned events. On August 22, 2007, appellee filed an answer and counterclaim alleging abuse of process. Appellee also filed a third-party complaint alleging abuse of process against appellant's husband, James Turner.
 {¶ 11} On September 13, 2007, appellee filed its motion for summary judgment arguing that appellant's interest in the dock space was a revocable license which was properly revoked due to nonpayment of the BID fees and late charges. In support of its motion, appellant attached the affidavits of appellee's secretary and treasurer, a member of appellee's board of trustees, the dock master of the marina, and appellee's counsel. These affidavits chronicled the procedures used by the marina in assigning/reassigning dock spaces based upon actual use.
 {¶ 12} On October 30, 2007, appellant filed her memorandum in opposition. Appellant argued that the dock certificate clearly provided appellant with the permanent *Page 4 
and exclusive use of dock space 79. Appellant argued that the value of the dock space was approximately $30,000 and that she was entitled to equitable relief.[1]
 {¶ 13} On January 8, 2008, the trial court granted summary judgment in favor of appellee. The court determined that the certificate's "specific written terms" confers a license and is contingent upon the licensee's "observance of the provisions of the Defendant's Articles of Incorporation, Code of Regulations and By Laws" as well and the payments of the various maintenance fees and dues. The court then concluded that because appellant violated the terms of the license by refusing to pay the BID fee and related charges, appellee properly rescinded appellant's license to dock a boat in appellee's marina. This appeal followed.
 {¶ 14} Appellant now raises the following two assignments of error for our review:
 {¶ 15} "I. The lower court erred as a matter of law in granting summary judgment since appellant's certificate was one of permanent use and not a mere revocable license.
 {¶ 16} "II. The lower court erred in its finding that no contract ambiguity existed in the certificate of permanent use.
 {¶ 17} Appellant's assignments of error relate to the trial court's summary judgment award in favor of appellee; therefore, they will be jointly addressed. We first note that review of the trial court's ruling on a summary judgment motion is de novo. Conley-Slowinski v. SuperiorSpinning Stamping Co. (1998), 128 Ohio App.3d 360, *Page 5 
363. A movant is entitled to summary judgment pursuant to Civ. R. 56(C) when she demonstrates: "that there is no issue as to any material fact, that the moving party is entitled to judgment as a matter of law, and that reasonable minds can come to but one conclusion, and that conclusion is adverse to the non-moving party." Miller v. Bike AthleticCo., 80 Ohio St.3d 607, 617, 1998-Ohio-178.
 {¶ 18} Appellant first argues that, as a matter of law, the 1985 dock certificate was an irrevocable license because it was coupled with an interest in real estate. There are two types of licenses: a revocable license which is a privilege to do an act upon another's land and an irrevocable license or a license coupled with an interest. Kamenar R.R.Salvage, Inc. v. Ohio Edison Co. (1992), 79 Ohio App.3d 685, 691. If the parties to the agreement intend the license to be permanent in nature it is said to be coupled with an interest. Hampton Ridge Condominium Assn.No. 1 v. Hampton Woods Condominium, Inc., 9th Dist. No. 22036,2005-Ohio-9.
 {¶ 19} Appellant claims that the dock certificate was an irrevocable license based upon the language in the "Certificate of Permanent Use" which provided for "Permanent Use of Dock Space Number 79." The certificate further indicated that:
 {¶ 20} "The rights conferred by this Certificate are subject to the Conditions set forth on the reverse side hereof and are transferable only on the Ownership Register of Burgundy Bay Association to an owner of real estate within Burgundy Bay, in person or by attorney upon surrender of this Certificate properly endorsed." *Page 6 
 {¶ 21} The conditions set forth on the reverse side of the certificate provide, in relevant part:
 {¶ 22} "This Certificate confers a license to use the designated Dock Space and the Association marina facilities, and does not convey an easement or other interest in real estate. Such license shall be revocable by resolution of the Association's Board of Trustees, for failure to pay general membership dues to the Association and/or annual charges for maintenance of the marina and Dock Space; provided that, written notice of such action shall be given by Certified Mail * * * not less than ten (10) days prior to the adoption of such resolution. * * * the rights conferred by this Certificate are revocable. No such rights shall be deemed irrevocable."
 {¶ 23} Based on the clear language of the terms and conditions of the certificate we find that the right to use the dock space was revocable upon nonpayment of various dues and annual fees. Appellant does not dispute that she failed to pay the BID fee; rather, appellant contends that she was not obligated to pay the amount because she did not have a "presence in the marina during the last summer" as stated in the by-laws. Conversely, appellee states that appellant was only assessed the BID fee for the years she requested a dock space. In support, appellee submitted the affidavit of its treasurer, Barbara Lodermeier, which provides, in part:
 {¶ 24} "6. In 2001 Plaintiff Polly Turner sent several letters to Affiant in whichoper Plaintiff objected to the assessment of the BID fee and requested an explanation of why the fee was assessed. Affiant provided the written explanation as *Page 7 
requested. Plaintiff Turner refused to accept the proffered explanation and requested, by certified letter dated October 25, 2001, documentation of how the fee was promulgated by the Association. Affiant, in January 2002, again provided Plaintiff with the written explanation that the BID fee had been approved by the membership.
 {¶ 25} "7. Plaintiff has been assessed the BID fee for each year in which she requested the assignment of dock space. She has not been assessed the BID fee for any year in which she did not request a dock space. As of the date of this affidavit, Plaintiff has not paid any assessed BID fee and associated penalties for late payment."
 {¶ 26} Upon consideration of the record below, we find that it is reasonable to conclude that the act of requesting a dock space would trigger the assessment of the BID fee. Therefore, we find that appellant was properly assessed the BID fee and, thus, due to her failure to pay the fees, appellee, through the stated procedure, properly rescinded her dock certificate. Accordingly, because no genuine issue of fact remains we find that appellant's assignments of error are not well-taken.
 {¶ 27} On consideration whereof, we find that substantial justice was done the party complaining and the judgment of the Ottawa County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Ottawa County.
 JUDGMENT AFFIRMED. *Page 8 
Mark L. Pietrykowski, P.J., Arlene Singer, J., Thomas J. Osowik, J., Concur.
[1] The trial court refused to consider certain documents that appellant attached to her memorandum in opposition because they did not comply with Civ. R. 56(C) and (E). *Page 1